1

2

3

4

5

6

7

8

9

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| 10  A.S, D.V., T.S., S.W., J.R., K.M., S.M., AND J.C., | Case No. 2:25-cv-2210 |
| 11 | **COMPLAINT** |
| 12                          Plaintiffs, | |
|                v. | |
| 13 | |
| SNOHOMISH COUNTY; and DOES 1-20, | |
| 14 | **JURY TRIAL DEMANDED** |
|                          Defendants. | |
| 15 | |
| 16 | |

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ..................................................................................................1

II. PARTIES ..............................................................................................................3

  A. Plaintiffs ...................................................................................................3

    1. A.S. .................................................................................................3

    2. D.V. ................................................................................................3

    3. T.S. .................................................................................................3

    4. S.W. ...............................................................................................3

    5. J.R. .................................................................................................3

    6. K.M. ...............................................................................................3

    7. S.M. ...............................................................................................3

    8. J.C. .................................................................................................3

  B. Defendants ...............................................................................................3

    1. Snohomish County ........................................................................3

    2. Does 1-20 .......................................................................................4

III. JURISDICTION AND VENUE ............................................................................4

IV. STATUTE OF LIMITATIONS ..............................................................................4

V. COMPLIANCE WITH THE TORT CLAIM REQUIREMENT ..........................4

VI. STATEMENT OF FACTS ....................................................................................4

  A. Snohomish County's Longstanding Failure to Protect Juvenile
    Detainees from Sexual Abuse Despite Statutory Mandates and
    Known Risks ...............................................................................................4

  B. Snohomish County's Ongoing Failures .....................................................7

  C. Specific Information of the Abuse of each Plaintiff .................................13

VII. FEDERAL CLAIMS ...........................................................................................16

COUNT I *MONELL* CLAIM, 42 U.S.C. § 1983 (AGAINST DEFENDANT
SNOHOMISH COUNTY)...........................................................................................16

COMPLAINT - i

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

COUNT II SUBSTANTIVE DUE PROCESS, 42 U.S.C. § 1983 (AGAINST
    DEFENDANTS DOES 1-20) ............................................................................18

VIII.    STATE LAW CLAIMS................................................................................19

COUNT I NEGLIGENCE (AGAINST DEFENDANT SNOHOMISH COUNTY) ...................19

COUNT II GROSS NEGLIGENCE (AGAINST DEFENDANT SNOHOMISH
    COUNTY)........................................................................................................21

COUNT III INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
    (AGAINST DEFENDANT SNOHOMISH COUNTY)....................................24

REQUEST FOR RELIEF ........................................................................................24

DEMAND FOR JURY TRIAL .................................................................................24

COMPLAINT - ii



HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

Plaintiffs, A.S., D.V., T.S., S.W., J.R., K.M., S.M., and J.C. by and through their attorneys, based on their individual experience, bring this Complaint against Snohomish County ("Snohomish County" or "Defendant"), and allege as follows:

## I.     INTRODUCTION

1.      This a negligence and civil rights case against Snohomish County arising from the systemic sexual abuse, rape and degradation of one of society's most vulnerable populations—children and teenagers placed in the care of a Juvenile Detention Center.  In this case, children placed in the care of the Denney Youth Center and Denney Juvenile Justice Center operated by Snohomish County.  Due to the vulnerability of children placed into detention facilities, those who operate Juvenile Detention Centers have a profound duty of care to protect children from sexual abuse.  Snohomish County utterly and repeatedly breached its duties.

2.      Plaintiffs (collectively, the "Denney Abused Youth") are eight individuals who were sexually abused by jailhouse guards and staff members while incarcerated at Denney Youth Center and Denney Juvenile Justice Center.  Their treatment constitutes a profound violation of innocence and trust, inflicting deep, long-lasting physical, emotional, and psychological harm.

3.      The Fourteenth Amendment to the Constitution of the United States guarantees all citizens the fundamental right to be free from interference with their bodily integrity.  The Eighth and Fourteenth Amendments guarantee all detainees the right to be free from cruel and unusual punishment.  These inalienable rights are at their apex when they concern the right of incarcerated children to be free from sexual abuse.

4.      Each of the Denney Abused Youth was a minor during periods of detainment, with some as young as 10 years old.  Snohomish County was entrusted with their care.  Snohomish County had a special relationship with Plaintiffs and owed them a duty to ensure their safety and well-being and to protect them from sexual predators and sexual victimization.  Among detainees, children are especially susceptible to sexual abuse.  The risk of sexual abuse faced by incarcerated minors is so well-known, that the Prison Rape Elimination Act contains a "zero tolerance" provision for any policies, practices, or customs at Juvenile Detention Facilities that might allow for, enable, or result in the sexual abuse of child detainees.

COMPLAINT - 1

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

5.      Snohomish County repeatedly failed in its basic responsibility to keep Plaintiffs—who were imprisoned and completely dependent children and teenagers—free from sexual abuse, misconduct, harassment, and retaliation.

6.      Instead, Snohomish County employees and agents perpetuated, facilitated, or permitted their sexual abuse and rather than eliminate rape and sexual abuse, tolerated and let such abuse flourish.

7.      The repeated abuse did not stem from one-off incidents or random acts of depravity.  Rather, the abuse was an institutional failure caused by and maintained through Snohomish County's policies that constitute a willful disregard for the well-being and safety of some of the most vulnerable children in the State of Washington.

8.      The abuse was empowered and enabled by Snohomish County's policies, practices, and customs, which demonstrated a deliberate indifference to the rights of the Denney Abused Youth to be free from sexual abuse.

9.      Despite the known risk of sexual abuse faced by incarcerated youth, Snohomish County did not implement or maintain any adequate reporting mechanisms for Plaintiffs or jailhouse employees to report sexual abuse.  Nor did Snohomish County adequately supervise its employees or train them regarding sexual abuse prevention and compliance with laws aimed at preventing sexual abuse.

10.      In fact, Snohomish County's policies, practices, and customs placed Plaintiffs and other detained youth at greater risk of sexual assault.  Snohomish County authorized staff to conduct invasive strip searches, monitor Plaintiffs while they showered, employ grooming methods such as bringing Plaintiffs gifts, and have unsupervised one-on-one time with Plaintiffs, including in Plaintiffs' cells and "blind spots" within the jail.

11.      Plaintiffs bring civil rights claims pursuant to 42 U.S.C. § 1983 to redress Snohomish County's severe violations of Plaintiff's well-established constitutional rights to bodily integrity and to be free from sexual abuse and cruel and unusual punishment.  Plaintiffs also bring common law claims for negligence, gross negligence and intentional infliction of

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

emotional distress for the sexual abuse they endured at the hands of Snohomish County and its employees.

**II.     PARTIES**

**A.     Plaintiffs**

    **1.     A.S.**

    12.     Plaintiff, A.S., was a minor during all times relevant to this action.

    **2.     D.V.**

    13.     Plaintiff, D.V., was a minor during all times relevant to this action.

    **3.     T.S.**

    14.     Plaintiff, T.S., was a minor during all times relevant to this action.

    **4.     S.W.**

    15.     Plaintiff, S.W., was a minor during all times relevant to this action.

    **5.     J.R.**

    16.     Plaintiff, J.R., was a minor during all times relevant to this action.

    **6.     K.M.**

    17.     Plaintiff, K.M., was a minor during all times relevant to this action.

    **7.     S.M.**

    18.     Plaintiff, S.M., was a minor during all times relevant to this action.

    **8.     J.C.**

    19.     Plaintiff, J.C., was a minor during all times relevant to this action.

    20.     The specific abuses suffered by each Plaintiff are set forth in Section IV(C) below.

**B.     Defendants**

    **1.     Snohomish County**

    21.     Defendant Snohomish County owned, operated and maintained youth detention facilities, including without limitation Denney Youth Center and Denney Juvenile Justice Center.

    22.     Defendant Snohomish County is and was responsible for the care and custody of all youth it holds in detention.

COMPLAINT - 3

**HAGENS BERMAN**
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

23.     At all times relevant, Snohomish County had a special, custodial relationship with Plaintiffs, which required the County to take reasonable steps to protect Plaintiffs from foreseeable harm, including, without limitation sexual abuse, rape and sexual victimization.  At all times relevant, Snohomish County had a duty to safeguard Plaintiffs' constitutional rights to bodily integrity and to be free from sexual abuse and cruel and unusual punishment.

**2.      Does 1-20**

24.     Plaintiffs are ignorant of the true names or capacities of Defendants named Does 1-20 ("Doe Defendants") and therefore sue Doe Defendants by fictitious names.

25.     Plaintiffs are informed and believe that Doe Defendants may also be responsible for the acts and omissions claimed herein.

### III.      JURISDICTION AND VENUE

26.     This Court has jurisdiction over Plaintiffs' federal claims pursuant to 28 U.S.C. § 1343.  This Court has supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367.

27.     Venue is proper pursuant to 28 U.S.C. § 1391 because the events giving rise to this action occurred in this District and one or more Defendants resides in this District.

### IV.      STATUTE OF LIMITATIONS

28.     Plaintiffs filed these claims within three years, or sooner, of when they learned that Defendants breached the applicable standard of care and/or owed them duties which caused their injuries and/or violated their constitutional rights and/or discovered the causal connection between the abuse and the injuries for which this suit was brought.  *See* RCW 4.16.340.

### V.      COMPLIANCE WITH THE TORT CLAIM REQUIREMENT

29.     Plaintiffs filed tort claims in accordance with RCW 4.96 *et seq.*

### VI.      STATEMENT OF FACTS

**A.      Snohomish County's Longstanding Failure to Protect Juvenile Detainees from Sexual Abuse Despite Statutory Mandates and Known Risks**

30.     In 1945, the State of Washington declared that the "absence of juvenile detention facilities across the various counties" constituted an emergency.  It declared that the

COMPLAINT - 4

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

1  "construction, acquisition, and maintenance of juvenile facilities for dependent, wayward, and
2  delinquent children, separate and apart from the detention facilities for adults" would be a
3  mandatory function of each county.[1]

4      31.    In response, Snohomish County constructed its juvenile detention facility, named
5  Denney Youth Center, in Everett, Washington.  In 1998, Snohomish County built a new juvenile
6  detention facility, the Denney Juvenile Justice Center.



15      32.    By the 1970s, the problem of sexual abuse in America's prisons and jails was
16  well-documented in social science literature, with preventative solutions readily available to
17  entities responsible for their management, including Snohomish County.  For example,
18  specialized training emerged for correctional staff on preventing and properly responding to
19  sexual assault, including recognizing signs of abuse, de-escalation skills and trauma-informed
20  approaches.[2]

21      33.    Yet, Snohomish County did not adopt these policies, resulting in the sexual
22  abuse of Plaintiffs.

23      34.    This abuse included acts of rape, oral sex, penetration of the anus or vulva,
24  groping of genitals, breasts, inner thighs, or buttocks and other sexual contact, indecent exposure

---

[1] RCW 13.16 *et seq.*

[2] https://www.prearesourcecenter.org/sites/default/files/library/theimpactofprisonersexualviolence.pdf.

COMPLAINT - 5

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

1   by staff, demands that detained youth expose themselves, voyeurism, and rampant sexual

2   harassment.

3        35.    Moreover, in 1977, the Washington legislature passed the Juvenile Justice Act,

4   which required that "all county juvenile facilities provide a humane, safe, and rehabilitative

5   environment..." to inmates.[3]  However, the adoption of the Juvenile Justice Act did not change

6   the environment at Snohomish County's detention facilities.

7        36.    For example, in the 1980s, Plaintiff T.S. was threatened and sexually assaulted by

8   a staff member at Denney Youth Center.  The abuse of T.S. was not an atypical occurrence.

9   Multiple employees holding a variety of positions sexually abused detained children in the 1980s

10  and 1990s.

11       37.    One employee, named "Cal," used grooming methods, such as befriending

12  inmates and gifting them comic books, and his access to inmates while they showered, to

13  sexually abuse J.R. and K.M.

14       38.    In 1999, the Washington legislature found that "people who are under arrest or

15  incarcerated are exceptionally vulnerable to sex offenses by persons with supervisory

16  authority."[4] It adopted a special criminal statute to address "custodial sexual misconduct."[5]

17       39.    The statute recognized the risk of custodial misconduct in situations where the

18  victim "reasonably believes the perpetrator has the ability to influence the terms, conditions,

19  length, or fact of incarceration or correctional supervision."

20       40.    Despite the passage of this law in 1999, Snohomish County failed to educate

21  detained children and teenagers about their right to be free from sexual abuse by guards and

22  other County staff.  Instead, County employees routinely threatened Plaintiffs, stating that they

23  could influence the terms of their incarceration, which created a sexualized environment for all

24  inmates.

25  _____

26       [3] RCW 13.40 *et seq.*

27       [4] Substitute Senate Bill 5234 (1999); *see also* RCW 9A.44.160 ("Custodial Sexual
    Misconduct in the first degree").

28       [5] RCW 9A.44.160 ("Custodial sexual misconduct in the first degree").

COMPLAINT - 6

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

1    41.    Around this time, Snohomish County employed a guard named "Bob" who anally

2    raped S.W.  Bob told S.W. that any attempt to report him would result in his punishment.

3    42.    However, Bob's abuse of S.W. was not an outlier, Plaintiff A.S. also suffered

4    sexual abuse at the hands of Snohomish County employees during the 2000s.

5    **B.    Snohomish County's Ongoing Failures**

6    43.    In 2003, the Prison Rape Elimination Act was enacted to prevent, reduce, and

7    eliminate the incidence of sexual assault and misconduct within confinement settings, including

8    in juvenile jails and prisons.[6]

9    44.    The Prison Rape Elimination Act states that "experts have conservatively

10   estimated that at least 13 percent of the inmates in the United States have been sexually assaulted

11   in prison.  Many inmates have suffered repeated assaults."  The Prison Rape Elimination Act

12   also states that "[p]rison rape often goes unreported, and inmate victims often receive inadequate

13   treatment for the severe physical and psychological effects of sexual assault—if they receive

14   treatment at all."[7]

15   45.    The Prison Rape Elimination Act notes that "[y]oung first-time offenders are at

16   increased risk of sexual victimization. … Most prison staff are not adequately trained or prepared

17   to prevent, report, or treat inmate sexual assaults."[8]

18   46.    The Prison Rape Elimination Act recognizes that "[t]he high incidence of sexual

19   assault within prisons involves actual and potential violations of the United States Constitution."[9]

20   In *Farmer v. Brennan*, 511 U.S. 825 (1994), the Supreme Court ruled that deliberate indifference

21   to the substantial risk of sexual assault violates prisoners' rights under the Cruel and Unusual

22   Punishments Clause of the Eighth Amendment. The Eighth Amendment rights of State and local

23   prisoners are protected through the Due Process Clause of the Fourteenth Amendment."[10]

24   ――――――――――――――

25   [6] 34 U.S.C § 30301-30309.

     [7] 34 U.S.C § 30301(2), (6).

26   [8] 34 U.S.C § 30301(4)-(5).

27   [9] 34 U.S.C § 30301(13).

28   [10] 34 U.S.C § 30301(13).

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

47.     The Prison Rape Elimination Act — which is still in effect — supports inmates' rights to serve their periods of confinement with dignity, free from sexual abuse, harassment, and retaliation.  All correctional agencies, including Snohomish County, have an obligation to protect inmates from this abuse.

48.     In addition to prohibiting sexual contact of any kind between staff and inmates, the Prison Rape Elimination Act also prohibits undue familiarity and fraternization between staff and inmates, which are known pre-cursors to custodial sexual abuse.

49.     To prevent abuse, detention staff are required to report incidents of undue familiarity, fraternization, and other red-flag behavior, including:

      a.     Isolating an inmate from other people to have one-on-one contact;

      b.     Giving gifts or other contraband to inmates; and

      c.     Using abusive or profane language in front of an inmate or sharing personal information with inmates.

50.     The Prison Rape Elimination Act imposes a strict "zero tolerance" standard on jails to protect inmates like Plaintiffs from sexual abuse:[11]

      a.     "An agency shall have a written policy mandating zero tolerance toward all forms of sexual abuse and sexual harassment and outlining the agency's approach to preventing, detecting, and responding to such conduct."

      b.     "During the intake process, inmates shall receive information explaining the agency's zero-tolerance policy regarding sexual abuse and sexual harassment and how to report incidents or suspicions of sexual abuse or sexual harassment."

      c.     "The agency shall provide multiple internal ways for inmates to privately report sexual abuse and sexual harassment[.]"

---

[11] 28 C.F.R § 115.

COMPLAINT - 8



HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

d.    "The agency shall establish a policy to protect all inmates and staff who report sexual abuse or sexual harassment[.]"

e.    "The agency shall ensure that each facility it operates shall develop, document, and make its best efforts to comply on a regular basis with a staffing plan that provides for adequate levels of staffing, and, where applicable, video monitoring, to protect inmates against sexual abuse."

f.    "Each agency operating a facility shall implement a policy and practice of having intermediate-level or higher-level supervisors conduct and document unannounced rounds to identify and deter staff sexual abuse and sexual harassment."

g.    "Agencies shall make best efforts to avoid placing youthful inmates in isolation[.]"

h.    "The facility shall not conduct cross-gender strip searches or cross-gender visual body cavity searches (meaning a search of the anal or genital opening) except in exigent circumstances or when performed by medical practitioners."

i.    "[T]he facility shall not permit cross-gender pat-down searches of female inmates, absent exigent circumstances."

j.    "The agency shall ensure that an administrative or criminal investigation is completed for all allegations of sexual abuse and sexual harassment."

k.    "The agency shall train all employees who may have contact with inmates on:

    i.    Its zero-tolerance policy for sexual abuse and sexual harassment;

    ii.    How to fulfill their responsibilities under agency sexual abuse and sexual harassment prevention, detection, reporting, and response policies and procedures;

    iii.    Inmates' right to be free from sexual abuse and sexual harassment;

COMPLAINT - 9

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

iv.   The right of inmates and employees to be free from retaliation for reporting sexual abuse and sexual harassment;

v.   The dynamics of sexual abuse and sexual harassment in confinement;

vi.   The common reactions of sexual abuse and sexual harassment victims;

vii.   How to detect and respond to signs of threatened and actual sexual abuse;

viii.   How to avoid inappropriate relationships with inmates;

ix.   How to communicate effectively and professionally with inmates, including lesbian, gay, bisexual, transgender, intersex, or gender nonconforming inmates; and

x.   How to comply with relevant laws related to mandatory reporting of sexual abuse to outside authorities."

51.    Snohomish County failed to adequately implement and/or enforce the standards set forth above imposed by the Prison Rape Elimination Act.

52.    The Prison Rape Elimination Act, and other statutes aimed at preventing sexual abuses, were not enacted in a vacuum.  They reflected the known and ongoing failures at detention centers over the preceding decades.

53.    Despite the growing awareness of sexual abuse and the express legislative directives to protect inmates from these behaviors and other acts of abuse, Snohomish County staff routinely subjected the Denney Abused Youth to sexual abuse in violation of the long-standing standard of care.

54.    Snohomish County's failure to take action to protect Plaintiffs from sexual abuse constituted negligence and a deprivation of their constitutional rights.  Rather than protect these children and teenagers, Snohomish County through it's policies and procedures perpetuated  a culture of abuse through a variety of harmful practices that harmed the Denney Abused Youth.

COMPLAINT - 10

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

55.     Among these harmful practices, Snohomish County allowed and/or encouraged staff to engage in aggressive strip searches without cause. For example, Plaintiff A.S. was stripped searched before being raped by two Snohomish County guards.

56.     Snohomish County did not create or operate legitimate and safe procedures for inmates to report sexual abuse and misconduct. It offered Plaintiffs no assurance that reporting would not result in retaliation, which staff commonly threatened. When Plaintiffs managed to report misconduct, as Plaintiff J.R. did, Snohomish County took no further action.

57.     The sexual abuse of Plaintiffs was further facilitated by Snohomish County's staffing decisions, which provided for unnecessary, one-on-one unsupervised contact between staff and Plaintiffs.

58.     Snohomish County permitted staff to be alone with Plaintiffs while others in the unit were separated. At night, the County failed to maintain an adequate staff-to-inmate ratio, allowing the single staff member assigned to a unit unfettered access to each inmates cell while all other inmates were securely detained. For example, Plaintiffs J.C. and T.S. were sexually abused while they were alone in their cells.

59.     Snohomish County allowed staff unsupervised access to Plaintiffs while in the bathroom, the showers, and other "blind spots" in the facility. Staff used the lack of adequate supervision to perpetrate sexual abuses. Plaintiffs, S.W., J.R., K.M., D.V. were all sexually abused in blind spots.

60.     Snohomish County failed to place surveillance cameras in appropriate locations and to provide for the direct supervision of staff.

61.     Snohomish County permitted inappropriate boundaries between staff and the jailed Plaintiffs in their care. One guard, "Cal," befriended Plaintiff K.M. and brought him comic books to gain his trust. K.M thought that "Cal" was "the coolest guy ever," before Cal sexually abused him.

003411-11/3346515 V1



1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

62.     Snohomish County failed to intervene and prevent these and other grooming[12] behaviors.

63.     Snohomish County failed to properly screen employees to prevent sexual predators from working in its youth detention facilities.

64.     Snohomish County failed to train its employees regarding sexual abuse of inmates, the prevention of sexual abuse, and reporting sexual abuse.

65.     Snohomish County failed to adopt or implement adequate sexual abuse reporting mechanisms.

66.     Due to Snohomish County's negligence and deliberate indifference in allowing this culture of sexual abuse to flourish and in failing to protect the children and teenagers in their custody from harm, Plaintiffs suffered physical, emotional, and psychological trauma, leading to significant anguish and distress that they will live with for the rest of their lives.

67.     Each Plaintiff endured sexual abuse, harassment, and/or exploitation as a direct result of the County's policy and procedures failures.  These failures resulted in or allowed for the abuse described in the following section to be inflicted on Plaintiffs. The descriptions that follow are merely summaries and do not include every single act of abuse Plaintiffs endured. Each act of sexual contact alleged was a violation of law and resulted from Snohomish County's negligence and policies and procedures that facilitated deliberate indifference to Plaintiffs' constitutional rights.  All dates and ages set forth below are approximate.  In most cases, because of the nature of Plaintiffs' short-term detention, Plaintiffs did not learn the names of the employees who harmed them.  Plaintiffs provided a physical description of each perpetrator to Snohomish County before filing this suit.

---

[12] Grooming is the preparatory (or 'lead up') stage of child sexual abuse that offenders use to gain the trust and compliance of the child or young person (and those around them) and to establish secrecy and silence to avoid disclosure.  https://bravehearts.org.au/about-child-sexual-abuse/what-is-grooming/.

COMPLAINT - 12

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE     (206) 623-0594 FAX

C.    **Specific Information of the Abuse of each Plaintiff**

68.    Plaintiff A.S.

| Date abuse began | 2006 |
|---|---|
| Age | 17 years old |
| Perpetrator job title or name, if known | Unknown. One man who appeared to be in his 30s / 40s and Hispanic. Another man, who appeared to be in his 30s / 40s and white. |
| Details | A.S. was violently raped by two male correctional officers while she was incarcerated at Denney Juvenile Justice Center.<br>Upon arrival, A.S. was required to participate in the full intake protocol, which should have been performed by one or two female staff members. One officer patted A.S. down and used the palm side of his hands to pat down her breasts. A.S. was informed that she would need to participate in a strip search and the two men pulled her into a nearby bathroom to conduct the "strip search."<br><br>When A.S. refused to participate, she was punched in the face. Both officers tore A.S.'s clothes off and forced her down to the floor, so that she was lying on her stomach. One officer put his mouth on A.S.'s genital area. He then vaginally raped her. The other officer sat in front of her and aimed what A.S. believed to be either a taser or pepper spray into her eyes and threatened to blind her if she refused to perform oral sex on him.<br><br>A.S. was forced to perform oral sex on the second officer. He then got behind her and attempted to anally rape her. When that failed, he proceeded to vaginally rape her instead. After the assault, the officers threatened to kill A.S. and make it look like an accident if she said anything. They then placed A.S. in solitary confinement for several days until she was released for her court date. |
| Current residence | Snohomish County |

69.    Plaintiff D.V.

| Date abuse began | **1997** |
|---|---|
| Age | 14 years old |
| Perpetrator job title or name, if known | Unknown. An African-American male between 25-35 whose name may have been "Briggs." |
| Details | Briggs ordered D.V. to clean the showers. The shower area may have been a "blind spot" without cameras. Briggs ambushed D.V. from behind. When D.V. screamed, Briggs covered D.V.'s mouth with his hands.<br><br>Briggs turned D.V. around, pulled his penis out of his pants, and forced D.V. to perform oral sex on him. D.V. began crying. Briggs |



| Date abuse began | 1997 |
|---|---|
| | zipped up his pants and threatened D.V. to keep quiet by stating that he knew where D.V. and his family lived. |
| Current residence | Snohomish County |

70.    Plaintiff T.S.

| Date abuse began | 1986 |
|---|---|
| Age | 14 years old |
| Perpetrator job title or name, if known | Unknown.  A white male who was balding and appeared to be in his 30s / 40s. |
| Details | T.S. was sexually assaulted by a guard at Denney Youth Center on two occasions.  On the first occasion, the guard entered T.S.'s cell under the guise of needing to ask T.S. questions.  The guard rubbed T.S.'s back in a sexual manner then reached into T.S.'s pants and masturbated T.S.  The guard began masturbating himself as well.  The guard stated, "let me do what I need to do and it will be over with." <br><br> On the second occasion, the same guard entered T.S.'s cell, began rubbing his back, then masturbated T.S. while masturbating himself.  Afterwards, the guard threatened T.S. by stating, "we are not going to talk about this." |
| Current residence | Snohomish County |

71.    Plaintiff S.W.

| Date abuse began | 2001 |
|---|---|
| Age | 14 to 15 years old |
| Perpetrator job title or name, if known | "Bob," last name unknown. A white male with medium build in his late 50s / early 60s. |
| Details | Bob pulled S.W. out of his cell and took him to an isolated room. Once there, Bob anally raped S.W.  After the assault, Bob told S.W. not to report the abuse or he would "regret it" and threatened to physically assault S.W. in retaliation. |
| Current residence | Snohomish County |

72.    Plaintiff J.R.

| Date abuse began | 1993 |
|---|---|
| Age | 15 years old |
| Perpetrator job title or name, if known | "Cal," last name unknown. An older white male with curly hair that was gray and balding. |
| Details | J.R. was sent out of the Denney Youth Center classroom by the teacher for talking too much.  Cal came to get J.R., placed him in handcuffs, and then escorted him to a private room. |

COMPLAINT - 14



1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

003411-11/3346515 V1

| Date abuse began | 1993 |
| --- | --- |
| | Cal bent J.R. over a table and pulled down J.R.'s pants. Cal then spit on his hand and anally raped J.R. Cal threatened J.R. that he would "make things very bad" for J.R. if he told anyone about the rape. Cal left J.R. in the room for several hours.<br><br>Eventually, another guard named "Gary" came to retrieve J.R. Gary was younger and shorter than Cal, with brown hair that he kept in a crewcut. Gary did not ask any questions about what happened to J.R. or offer him any compassion.<br><br>Later, after J.R. was released, he attempted to report the assault to his probation officer, another Snohomish County employee named Joanne Olsen. Ms. Olsen did nothing in response. |
| Current residence | Snohomish County |

73.    Plaintiff K.M.

| Date abuse began | Early to mid 1990s |
| --- | --- |
| Age | 10 years old |
| Perpetrator job title or name, if known | "Cal," last name unknown. An older white male with curly hair that was gray and balding. |
| Details | While held at Denney Youth Center, K.M. was targeted and victimized by a staff person who went by the name of "Cal." Cal was often seen monitoring the boys while they showered. Cal engaged in grooming behavior and sometimes brought K.M. comic books.<br><br>Cal walked up and down the area where the boys were held in the evening asking who wanted to shower, offering the choice, "Showers or sleep?" After three days, K.M. needed to shower. Nervous to be showering around this stranger who was watching him, K.M. rushed through his shower, which angered Cal. Cal entered the shower, pulled K.M. tightly to his body and began washing K.M.'s genitals. K.M. tried to jump out of the shower but Cal pushed him back in. Cal put his hand between K.M.'s buttocks and attempted to digitally penetrate him. Cal told K.M. to "stay still" while Cal masturbated him.<br><br>Months later, K.M. returned to Denney Youth Center and encountered Cal who was still working there. On multiple additional occasions, Cal assaulted K.M. in the shower in the same manner by masturbating him. During the attacks, Cal threatened K.M. by stating that K.M. would not get any "rec time" if he made any noises. |
| Current residence | Snohomish County |



HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

74.    Plaintiff S.M.

| Date abuse began | 1997 |
|---|---|
| Age | 16 years old |
| Perpetrator job title or name, if known | Five male correctional officers whose identities are unknown. |
| Details | Five male correctional officers sexually assaulted S.M. during her three-day incarceration at Denney Youth Center.  The corrections officers removed S.M. and another child inmate from their cells and handcuffed them to a metal bench.<br><br>Some of the corrections officers forced the teenagers to perform oral sex while the others anally raped them. |
| Current residence | Snohomish County |

75.    Plaintiff J.C.

| Date abuse began | 1997 |
|---|---|
| Age | 13 years old |
| Perpetrator job title or name, if known | Staff member, identity unknown. |
| Details | During J.C.'s intake at Denney Youth Center, an intake officer spoke to her as if she were an animal, commanding her: "Sit. Good dog."  J.C. became distressed and scuffled with the intake officer. The intake officer called an additional five officers to subdue her. After the altercation, a male officer stated, "Look, she thinks she is a big girl."<br><br>Later that night, J.C. was kept awake by the facility night check lights.  She tied a sweatshirt over her face to help her sleep better.  A male staff member entered the room and stated, "I'll show you what big girls do."  The staff member held her head by the sweatshirt so that she could not see or resist him.  He touched J.C.'s breasts and vagina over her clothes and forced her to perform oral sex on him. |
| Current residence | Snohomish County |

## VII.    FEDERAL CLAIMS

### COUNT I

### *MONELL* CLAIM, 42 U.S.C. § 1983
### (Against Defendant Snohomish County)

76.    Plaintiffs incorporate by reference the preceding paragraphs.

77.    Defendant Snohomish County maintained and implemented the following unconstitutional policies, practices, and/or customs:

a.    A policy, practice, and/or custom of sexually assaulting inmates.

COMPLAINT - 16



HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

b.   A policy, practice, and/or custom of sexually harassing inmates.

c.   A policy practice or custom of failing to screen staff members.

d.   A policy, practice, and/or custom of failing to train staff members.

e.   A policy, practice, and/or custom of failing to train staff members regarding sexual assault, the prevention of sexual assault, and compliance with laws aimed at preventing sexual assault.

f.   A policy, practice, and/or custom of failing to supervise staff members.

g.   A policy, practice, and/or custom of maintaining inadequate reporting mechanisms.

h.   A policy, practice, and/or custom of maintaining blind spots in its detention facilities.

i.   A policy, practice, and/or custom of allowing staff members to groom inmates.

j.   A policy, practice, and/or custom of allowing staff members to give gifts to inmates.

k.   A policy, practice, and/or custom of allowing staff members to watch inmates change.

l.   A policy, practice, and/or custom of allowing staff members to watch inmates shower.

m.   A policy, practice, and/or custom of allowing staff members to have one-on-one unsupervised contact with inmates.

n.   A policy, practice, and/or custom of understaffing youth detention centers.

78.   The practice of sexually assaulting inmates was so persistent and widespread as to practically have the force of law.

79.   These policies, practices, and customs were moving forces in the sexual abuse of Plaintiffs described above. Defendant Snohomish County's policies, practices, and customs were frequent, consistent, and widespread, as evidenced by the sexual abuse sustained by Plaintiffs.

COMPLAINT - 17

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE     (206) 623-0594 FAX

80.    Defendant Snohomish County's policies, practices, and customs, in fact, empowered staff members to sexually assault Plaintiffs.

81.    Defendant Snohomish County exhibited callous, reckless and/or deliberate indifference to the constitutional rights of Plaintiffs in maintaining such policies, practices and customs.

82.    Defendant Snohomish County knew or should have known that maintaining such policies, practices or customs would violate Plaintiffs' well-established constitutional rights to bodily integrity and to be free from sexual abuse and cruel and unusual punishment.

83.    Defendant Snohomish County's policies, practices and customs directly and proximately caused the violations of Plaintiffs' constitutional rights to be free of interference with their bodily integrity as guaranteed by the Fourteenth Amendment and to be free from cruel and unusual punishment as guaranteed by the Eighth and Fourteenth Amendments.

84.    As a direct and proximate result of Defendant Snohomish County's conduct, Plaintiffs suffered, and continue to suffer, severe injuries.

85.    Plaintiffs are entitled to damages and reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988.

## COUNT II

### SUBSTANTIVE DUE PROCESS, 42 U.S.C. § 1983
### (Against Defendants Does 1-20)

86.    Plaintiffs incorporate by reference the preceding paragraphs.

87.    At all times relevant, Defendants Does 1-20 were staff members at Denney Youth Center and Denney Juvenile Justice Center acting under color of state law.

88.    Defendants Does 1-20 used their positions of power and influence to intimidate, coerce, harass, assault and sexually assault Plaintiffs.

89.    Defendants Does 1-20 violated Plaintiffs' rights to be free of interference with their bodily integrity as guaranteed by the Fourteenth Amendment and to be free from cruel and unusual punishment as guaranteed by the Eighth and Fourteenth Amendments.

COMPLAINT - 18



HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

90.     When Defendants Does 1-20 intimidated, coerced, harassed, assaulted and sexually assaulted Plaintiffs, Defendants Does 1-20 violated Plaintiffs' rights to be free of interference with their bodily integrity as guaranteed by the Fourteenth Amendment and to be free from cruel and unusual punishment as guaranteed by the Eighth and Fourteenth Amendments.

91.     Sexual harassment, assault, and sexual assault, by their very nature, involve conduct that is excessive and unreasonable and cannot be warranted or justified under any circumstances.

92.     Defendants Does 1-20's sexual harassment, assault, and sexual assault of Plaintiffs demonstrated a callous, reckless and/or deliberate indifference to Plaintiffs' constitutional rights.

93.     As a direct and proximate result of Defendants Does 1-20's conduct, Plaintiffs suffered, and continue to suffer, severe injuries.

94.     Plaintiffs are entitled to damages, including general, special, and punitive damages, and reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988.

## VIII.   STATE LAW CLAIMS

### COUNT I

### NEGLIGENCE
### (Against Defendant Snohomish County)

95.     Plaintiffs incorporate by reference the preceding paragraphs.

96.     Plaintiffs allege common law negligence claims against Defendant Snohomish County.

97.     The liability-creating conduct of Defendant Snohomish County consisted of, among other things, breaching its duty to refrain from negligently placing dependent children in situations that would foreseeably cause grave harm; the negligent hiring, training, and supervision of its staff, including permitting unsupervised one-on-one contact between staff and vulnerable inmates and failing to exercise reasonable control over their staff; the failure to create and/or enforce policies and procedures to protect children from sexual abuse, harassment, and

COMPLAINT - 19

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

retaliation, including inadequate or no education being provided to young inmates about how to report misconduct; violating its special trust relationship with Plaintiffs, who were held within their facilities, by failing to protect them from the foreseeable criminal acts of their employees and other inmates; and acting in reckless disregard of the consequences under such surrounding circumstances and conditions that a reasonable person would know, or should know, that such conduct would, to a high degree of probability, result in substantial harm to others, including Plaintiffs.

98.     Plaintiffs further allege claims under the doctrines of agency, vicarious liability, and *respondeat superior* and allege that Snohomish County is liable for all damages sustained by Plaintiffs as a result of its staff people's actions committed within the scope of their employment. In particular, sexual abuse, humiliation, and harassment were regular and foreseeable consequences of employment-related activities completed in furtherance of the maintenance of detention facilities where the County:

    i.    Authorized its employees and agents to use force to gain compliance of and to subdue inmates and to maintain jail safety and security;

    ii.    Allowed employees and agents to bring in contraband and other high-value items to motivate and control inmates;

    iii.    Required regular "one-on-one" meetings between staff and inmates to groom inmates and build their trust;

    iv.    Condoned its employees' and agents' failures to report abuse claims and other acts and efforts intended to discourage the escalation of abuse claims to protect the County's reputation and other interests;

    v.    Permitted employees and staff to use acts of sexual abuse, humiliation, and harassment to punish inmates;

    vi.    Directed employees and agents to conduct invasive strip searches;

    vii.    Allowed its employees and agents to disregard policies designed to prevent the abuse of inmates, including related to decisions about the

COMPLAINT - 20

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

003411-11/3346515 V1

1               ratio between inmates and guards/staff members during waking and

2               sleeping hours.

3      99.    Across the time period at issue, custody and control of inmates, enforcing

4 discipline, and maintaining detention security were among the primary duties of County

5 employees and agents.  In each applicable instance of abuse, the County authorized its

6 employees and agents to exercise their discretion in carrying out that authority such that the

7 alleged conduct was of the same general nature as that authorized, or was incidental to

8 authorized conduct, and rightfully considered within the scope of employment.

9      100.    Even where the conduct was excessive or the employee or agent derived sexual

10 gratification or pleasure, the alleged sexual abuse remained a reasonably foreseeable

11 consequence of the employment-related activity, was at least partly in service of the employer's

12 interest, and did not involve a degree of conduct that was beyond that expected by the employer,

13 and/or was consistent with written rules and policies, unwritten rules and policies, or common

14 practice.

15     101.    These claims for vicarious liability and the scope of employment do not limit

16 claims alleged for the County's breaches of its own duty of care.  Liability under those theories is

17 analytically distinct and separate from vicarious liability, even when premised on the same

18 policies and procedures.

19     102.    Defendant Snohomish County failed to exercise reasonable care in its conduct

20 towards Plaintiffs.

21     103.    As a direct and proximate result of Defendant Snohomish County's negligence,

22 Plaintiffs suffered, and continue to suffer, severe injuries.

23 **COUNT II**

24
25 **GROSS NEGLIGENCE**<br>**(Against Defendant Snohomish County)**

26     104.    Plaintiffs incorporate by reference the preceding paragraphs.

27     105.    Plaintiffs allege common law gross negligence claims against Defendant

28 Snohomish County.

COMPLAINT - 21

**HAGENS BERMAN**
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

106.     The liability-creating conduct of Defendant Snohomish County consisted of, among other things, breaching its duty to refrain from grossly negligently placing dependent children in situations that would foreseeably cause grave harm; the grossly negligent hiring, training, and supervision of its staff, including permitting unsupervised one-on-one contact between staff and vulnerable inmates and failing to exercise control over their staff; the failure to create and/or enforce policies and procedures to protect children from sexual abuse, harassment, and retaliation, including inadequate or no education being provided to young inmates about how to report misconduct; violating its special trust relationship with Plaintiffs, who were held within their facilities, by failing to protect them from the foreseeable criminal acts of their employees and other inmates; and acting in reckless disregard of the consequences under such surrounding circumstances and conditions that a reasonable person would know, or should know, that such conduct would, to a high degree of probability, result in substantial harm to others, including Plaintiffs.

107.     Plaintiffs further allege claims under the doctrines of agency, vicarious liability, and *respondeat superior* and allege that Snohomish County is liable for all damages sustained by Plaintiffs as a result of its staff people's actions committed within the scope of their employment. In particular, sexual abuse, humiliation, and harassment were regular and foreseeable consequences of employment-related activities completed in furtherance of the maintenance of detention facilities where the County:

      i.    Authorized its employees and agents to use force to gain compliance of and to subdue inmates and to maintain jail safety and security;

      ii.    Allowed employees and agents to bring in contraband and other high-value items to motivate and control inmates;

      iii.    Required regular "one-on-one" meetings between staff and inmates to groom inmates and build their trust;

      iv.    Condoned its employees' and agents' failures to report abuse claims and other acts and efforts intended to discourage the escalation of abuse claims to protect the County's reputation and other interests;

003411-11/3346515 V1

HAGENS BERMAN

1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE     (206) 623-0594 FAX

v.    Permitted employees and staff to use acts of sexual abuse, humiliation, and harassment to punish inmates;

vi.    Directed employees and agents to conduct invasive strip searches;

vii.    Allowed its employees and agents to disregard policies designed to prevent the abuse of inmates, including related to decisions about the ratio between inmates and guards/staff members during waking and sleeping hours.

108.    Across the time period at issue, custody and control of inmates, enforcing discipline, and maintaining detention security were among the primary duties of County employees and agents.  In each applicable instance of abuse, the County authorized its employees and agents to exercise their discretion in carrying out that authority such that the alleged conduct was of the same general nature as that authorized, or was incidental to authorized conduct, and rightfully considered within the scope of employment.

109.    Even where the conduct was excessive or the employee or agent derived sexual gratification or pleasure, the alleged sexual abuse remained a reasonably foreseeable consequence of the employment-related activity, was at least partly in service of the employer's interest, and did not involve a degree of conduct that was beyond that expected by the employer, and/or was consistent with written rules and policies, unwritten rules and policies, or common practice.

110.    These claims for vicarious liability and the scope of employment do not limit claims alleged for the County's breaches of its own duty of care.  Liability under those theories is analytically distinct and separate from vicarious liability, even when premised on the same policies and procedures.

111.    Defendant Snohomish County failed to exercise slight care in its conduct towards Plaintiffs.

112.    As a direct and proximate result of Defendant Snohomish County's gross negligence, Plaintiffs suffered, and continue to suffer, severe injuries.

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE   (206) 623-0594 FAX

# COUNT III

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (Against Defendant Snohomish County)

113.    Plaintiffs incorporate by reference the preceding paragraphs.

114.    Plaintiffs allege common law intentional infliction of emotional distress claims against Defendant Snohomish County.

115.    Defendant Snohomish County's conduct towards Plaintiffs was extreme and outrageous.

116.    As a direct and proximate result of Defendant Snohomish County's outrageous conduct, Plaintiffs suffered, and continue to suffer, severe injuries, including severe mental and emotional distress.

117.    Plaintiffs reserve the right to assert additional claims as may be appropriate following further investigation and discovery.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that the Court enter judgment in their favor and against defendant Snohomish County as follows:

A.    An award of compensatory, general, punitive, and special damages;

B.    An award of Plaintiffs' costs and attorneys' fees as appropriate and permitted by law; and

C.    An award of prejudgment interest; and

D.    Such other or further relief as may be appropriate.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury as provided by Federal Rule of Civil Procedure 38.

COMPLAINT - 24

003411-11/3346515 V1

**HAGENS BERMAN**
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

1    DATED this 6th day of November, 2025        Respectfully submitted,

2                                                HAGENS BERMAN SOBOL SHAPIRO LLP

3

4                                                By: /s/
5                                                    Steve W. Berman, WSBA No. 12536
                                                     Martin D. McLean, WSBA No. 33269
6                                                    William R. Kincaid, WSBA No. 54027
                                                     Jacob P. Berman, WSBA No. 61063
7                                                    1301 Second Avenue, Suite 2000
                                                     Seattle, WA  98101
8                                                    Telephone: (206) 623-7292
                                                     Facsimile:  (206) 623-0594
9                                                    Email: steve@hbsslaw.com
10                                                          martym@hbsslaw.com
                                                            williamk@hbsslaw.com
11                                                          jakeb@hbsslaw.com

12                                                   *Attorneys for Plaintiffs*

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT - 25

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX