Honorable Ricardo S. Martinez

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| A.S., et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>SNOHOMISH COUNTY; and DOES 1-20,<br><br>Defendants. | NO. 2:25-cv-02210-RSM<br><br>STIPULATION AND ORDER REGARDING FRCP 35 EXAMINATIONS OF PLAINTIFFS<br><br>**NOTE ON MOTION CALENDAR: July 24, 2026** |

**BACKGROUND INFORMATION**

This is an action by Plaintiffs seeking damages for personal injuries alleged to have been proximately caused by the conduct of Defendant Snohomish County. Defendant has requested FRCP 35 examinations of Plaintiffs. The parties now wish to stipulate to the terms of the examinations so that an appropriate order for examinations under FRCP 35(a) may be issued.

**STIPULATION**

1. Plaintiffs, with the exception of S.W., will submit to FRCP 35 mental examinations as set forth below.
2. Defendant, including its representatives, counsel, experts, and/or any other person or entity that Defendant calls as a witness, may not refer to or in any way describe the examinations as “independent.”

3. The examination of each Plaintiff will be conducted by one of the following defense experts:
    a. Christopher D. Cadle, Ph.D.
    b. Jaymes Fairfax-Columbo, JD, Ph.D.
    c. Jessica R. Hart, Ph.D., ABPP
    d. Elizabeth W. Hirschhorn, Ph.D.
    e. Roman Lokhmotov, Psy.D.
    f. Kelcey Puszkiewicz, Ph.D.
    g. Amber H. Simpler, Ph.D., ABPP
    h. Jolene E. Simpson, Ph.D.
    i. Meredith M. Veltri, Ph.D., ABPP
4. The examinations of Plaintiffs shall take place on dates and times mutually agreed by the parties.
5. The examination will be conducted via telehealth and will not exceed seven hours in length, exclusive of a lunch break, and other breaks, which will be provided by the examiners upon Plaintiffs' requests.
6. Plaintiffs' counsel is responsible for ensuring the following conditions throughout each examination:
    a. Each Plaintiff must be in a location with a reliable internet connection and a tablet or computer with two-way video and audio. Plaintiff shall not use a cellphone for the examination. To the extent that technical issues arise, and a cellphone is the only available means for the examination, Defendant's counsel

and Plaintiffs' counsel shall confer in good faith to find a mutually agreeable solution.

b. Defendant shall arrange a neutral location in Snohomish County for examinations to occur. The address of the neutral location shall be provided to Plaintiffs' counsel at least two weeks prior to the evaluation. If Defendant does not arrange a neutral location, Plaintiffs shall be free to choose the location of the examination. Each Plaintiff must be in a private room free of distractions or interruptions, including caregiving responsibilities for any other person or animal (children, elders, pets, etc.).

7. Each Plaintiff shall confirm their identification for their examiner, either through a government-issued identification document or a representation on the record by the Plaintiff prior to the start of the examination. Plaintiffs' counsel shall not object to identification of Plaintiff.

8. The examiners will provide Defendant's attorneys with a general description of tests they will consider administering as part of the examinations. The examiners select tests to explore clinical hypotheses that they generate while reviewing an examinee's records, conducting their clinical interview, and through reviewing preliminary testing results. Since test selection is an evolving and iterative process, the examiners do not begin an evaluation with a precise list of tests they intend to administer. Defendant's attorneys will email the examiners' general descriptions of assessments they will consider administering to Plaintiffs' attorneys no later than 48 hours before the start of each examination.

9. At Plaintiffs' counsel's sole discretion, a videographer retained by Plaintiffs' counsel may be in attendance at all phases of the examinations except for testing procedures and any

questions regarding testing material. The videographer may make a videotape and/or audiotape of the recorded portions of the examination. The video shall be made in an unobtrusive manner and shall not interfere with the conduct of the examination or compromise test security. Plaintiffs will not be liable for any costs or fees imposed by the examiners for the recording of the examination. Defendant will bear any such cost. Defendant may obtain a copy of the recording at Defendant's expense. Any disputes regarding recording that may affect the validity of the evaluation shall be addressed consistent with Paragraph 11.

10. Plaintiffs may have a representative present at each examination except for testing procedures. The videographer will not be considered a representative. The representative may observe the examination, except testing procedures, and will not interfere with or obstruct the examination unless the terms of this Stipulation and Order are violated.

11. Counsel for the parties will attempt in good faith to promptly resolve any dispute or issue regarding the conduct of the examination brought to their attention.

12. Defendant's attorneys will deliver to Plaintiffs' attorneys the examiners' detailed written reports concerning each examination within 35 calendar days of the examination. Plaintiffs will not be liable for any costs or fees imposed by the examiners for preparing this report. Defendant shall bear any such costs.

13. After the date each report is prepared and sent as agreed above, the associated examiners shall make themselves available for a deposition, via video conference, on mutually agreeable days and times. The depositions will be governed by the applicable Rules of Civil Procedure unless otherwise agreed to by the Parties. The examiners will charge

Defendant's attorneys for their preparation time and will not require prepayment. The examiners shall not be deposed if redesignated as consulting experts prior to their deposition occurring. If an examiner is redesignated, any examination performed by that examiner, and any report prepared by that examiner, shall not be admissible for any purpose.

14. The examiners will not ask Plaintiffs questions relating to negligence or liability. However, the examiners may ask questions about how the injury occurred, Plaintiffs' history of drug use/abuse, other instances of potential life stressors, trauma, and abuse in Plaintiffs' lives, and other questions germane to psychological functioning, diagnosis, development of symptoms and functional impairment, and psychological damages.
15. At the time each examiner's report is delivered to Plaintiffs' counsel, the examiner shall also provide a list of the cases where they have been deposed or testified in court in the last four years. The examiners' reports shall meet all requirements of applicable Rules of Civil Procedure.
16. Defendant's attorneys will promptly provide each examiner with a copy of this Stipulation and Order once entered.

Dated: July 24, 2026.

///

///

///

///

///

HAGENS BERMAN SOBOL SHAPIRO LLP

_*s/William R. Kinkaid*______
Steve W. Berman, WSBA No. 12536
Martin D. McLean, WSBA No. 33269
William R. Kincaid, WSBA No. 54027
Jacob P. Berman, WSBA No. 61063
Sydney K. Thomas, WSBA No. 64571
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
Email: steve@hbsslaw.com
martym@hbsslaw.com
williamk@hbsslaw.com
jakeb@hbsslaw.com
sydney.thomas@hbsslaw.com
Attorneys for Plaintiffs

JASON J. CUMMINGS
Snohomish County Prosecuting Attorney

_*s/Geoffrey A. Enns*________
Geoffrey A. Enns, WSBA No. 40682
Deborah A. Severson, WSBA No. 35603
Scott A. Marlow, WSBA No. 25987
Deputy Prosecuting Attorneys
Snohomish County Prosecuting Attorney's Office
3000 Rockefeller Avenue M/S 504
Everett, WA 98201
Phone: (425) 388-6330 / Fax: (425) 388-6333
Geoffrey.Enns@co.snohomish.wa.us
Deborah.Severson@co.snohomish.wa.us
Scott.Marlow@co.snohomish.wa.us
Attorneys for Defendant Snohomish County

**ORDER**

This matter came before the Court on the above stipulation of counsel. The Court, being fully advised in the premises, incorporates the above stipulation by reference and orders the parties to comply with its terms.

Dated this 28th day of July, 2026.

Honorable Ricardo S. Martinez
United States District Judge