UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| A.S., *et al.*,<br><br>Plaintiffs,<br><br>vs.<br><br>SNOHOMISH COUNTY; and DOES 1-20,<br><br>Defendants. | NO. 2:25-cv-02210-RSM<br><br>STIPULATION AND ORDER REGARDING FRCP 35 EXAMINATION OF PLAINTIFF S.W. |

**BACKGROUND INFORMATION**

This is an action by Plaintiffs seeking damages for personal injuries alleged to have been proximately caused by the conduct of Defendant Snohomish County. Defendant has requested FRCP 35 examinations of Plaintiffs. The parties now wish to stipulate to the terms of the examinations so that an appropriate order for examinations under FRCP 35(a) may be issued.

**STIPULATION**

1. Plaintiff S.W. will submit to a FRCP 35 mental examination as set forth below.
2. Defendant, including its representatives, counsel, experts, and/or any other person or entity that Defendant calls as a witness, may not refer to or in any way describe the examination as "independent."
3. The examination of Plaintiff S.W. will be conducted by Kenneth Muscatel, Ph.D., with testing performed by psychometrist Brian Douay under the direction of Dr. Muscatel.

4. The examination of Plaintiff shall take place on a date and time mutually agreed by the parties.

5. The examination will be conducted in person at the office of Dr. Muscatel and will not exceed seven hours in length, exclusive of a lunch break, and other breaks, which will be provided by the examiners upon Plaintiff's requests.

6. Plaintiff shall confirm his identification for the examiner, either through a government-issued identification document or a representation on the record by the Plaintiff prior to the start of the examination. Plaintiffs' counsel shall not object to identification of Plaintiff.

7. The examiner will provide Defendant's attorneys with a general description of tests he will consider administering as part of the examination. The examiner selects tests to explore clinical hypotheses that he generates while reviewing an examinee's records, conducting their clinical interview, and through reviewing preliminary testing results. Since test selection is an evolving and iterative process, the examiner does not begin an evaluation with a precise list of tests he intends to administer. Defendant's attorneys will email the examiner's general descriptions of assessments he will consider administering to Plaintiffs' attorneys no later than 48 hours before the start of the examination.

8. At Plaintiffs' counsel's sole discretion, a videographer retained by Plaintiffs' counsel may be in attendance at all phases of the examination except for testing procedures and any questions regarding testing material. The videographer may make a videotape and/or audiotape of the recorded portions of the examination, and the examiner may make an audiotape of the recorded portions of the examination. The video shall be made in an unobtrusive manner and shall not interfere with the conduct of the examination or

compromise test security. Plaintiff will not be liable for any costs or fees imposed by the examiner for the recording of the examination. Defendant will bear any such cost. Defendant may obtain a copy of the recording at Defendant's expense. Any disputes regarding recording that may affect the validity of the evaluation shall be addressed consistent with Paragraph 10.

9. Plaintiff may have a representative present at the examination except for testing procedures. The videographer will not be considered a representative. The representative may observe the examination, except testing procedures, and will not interfere with or obstruct the examination unless the terms of this Stipulation and Order are violated.

10. Counsel for the parties will attempt in good faith to promptly resolve any dispute or issue regarding the conduct of the examination brought to their attention.

11. Defendant's attorneys will deliver to Plaintiff's attorneys the examiner's detailed written report concerning the examination within 35 calendar days of the examination. Plaintiff will not be liable for any costs or fees imposed by the examiner for preparing this report. Defendant shall bear any such costs.

12. After the date the report is prepared and sent as agreed above, the examiner shall make himself available for a deposition, via video conference, on a mutually agreeable day and time. The deposition will be governed by the applicable Rules of Civil Procedure unless otherwise agreed to by the Parties. The examiner will charge Defendant's attorneys for his preparation time and will not require prepayment. The examiner shall not be deposed if redesignated as a consulting expert prior to his deposition occurring. If an examiner is redesignated, any examination performed by that examiner, and any report prepared by that examiner, shall not be admissible for any purpose.

13. The examiner will not ask Plaintiff questions relating to negligence or liability. However, the examiner may ask questions about how the injury occurred, Plaintiff's history of drug use/abuse, other instances of potential life stressors, trauma, and abuse in Plaintiff's life, and other questions germane to psychological functioning, diagnosis, development of symptoms and functional impairment, and psychological damages.

14. At the time the examiner's report is delivered to Plaintiffs' counsel, the examiner shall also provide a list of the cases where he has been deposed or testified in court in the last four years. The examiner's report shall meet all requirements of applicable Rules of Civil Procedure.

15. Defendant's attorneys will promptly provide the examiner with a copy of this Stipulation and Order once entered.

Dated: August 5, 2026.

HAGENS BERMAN SOBOL SHAPIRO LLP

_*s/William R. Kincaid*______
Steve W. Berman, WSBA No. 12536
Martin D. McLean, WSBA No. 33269
William R. Kincaid, WSBA No. 54027
Jacob P. Berman, WSBA No. 61063
Sydney K. Thomas, WSBA No. 64571
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
Email: steve@hbsslaw.com
martym@hbsslaw.com
williamk@hbsslaw.com
jakeb@hbsslaw.com
sydney.thomas@hbsslaw.com
Attorneys for Plaintiffs

JASON J. CUMMINGS
Snohomish County Prosecuting Attorney

_*s/Geoffrey A. Enns*________
Geoffrey A. Enns, WSBA No. 40682
Deborah A. Severson, WSBA No. 35603
Scott A. Marlow, WSBA No. 25987
Deputy Prosecuting Attorneys
Snohomish County Prosecuting Attorney's Office
3000 Rockefeller Avenue M/S 504
Everett, WA 98201
Phone: (425) 388-6330 / Fax: (425) 388-6333
Geoffrey.Enns@co.snohomish.wa.us
Deborah.Severson@co.snohomish.wa.us
Scott.Marlow@co.snohomish.wa.us
Attorneys for Defendant Snohomish County

**ORDER**

This matter came before the Court on the above stipulation of counsel. The Court, being fully advised in the premises, incorporates the above stipulation by reference and orders the parties to comply with its terms.

Dated this 7th day of August, 2026.

Ricardo S. Martinez
United States District Judge