The Honorable Ricardo S. Martinez

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| A.S., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>SNOHOMISH COUNTY, et al.,<br><br>Defendants. | No. 2:25-cv-02210-RSM<br><br>DEFENDANT SNOHOMISH COUNTY'S MOTION TO AMEND SCHEDULING ORDER AND ANSWER AND TO STAY DISCOVERY<br><br>**NOTE ON MOTION CALENDAR: September 2, 2026** |

## RELIEF REQUESTED

The recent flood of historical juvenile detention sexual assault allegations throughout Washington has given rise to substantial – and as yet unanswered – questions of state law regarding which entity is ultimately responsible for the defense and indemnity of the juvenile detention facilities operated and supervised by the superior courts of each county. To resolve those questions, Defendant Snohomish County, along with Pierce County, has initiated a declaratory judgment action in state court. The practical issue goes beyond simply who will pay an award to Plaintiffs, if any, but to questions of appropriate parties and representation during litigation – substantive questions of state law this Court is in a unique position to get addressed expeditiously by the state's highest court. The County respectfully requests this



**Snohomish County**
**Prosecuting Attorney – Civil Division**
**Robert Drewel Bldg., 8th Floor, M/S 504**
3000 Rockefeller Ave
Everett, Washington 98201-4060
(425)388-6330 Fax: (425)388-6333

Court enter an order amending the case schedule to allow the County to amend its answer to correctly identify the State of Washington as the proper defendant, to stay discovery pending the resolution of these state law questions so that County attorneys are not advising State officers and employees, and to send certified questions to the Supreme Court of Washington to directly address and settle the issues on which a multitude of cases throughout the state, including this one, hinge.

## STATEMENT OF FACTS

The eight Plaintiffs allege they were sexually assaulted while being detained in the Denney juvenile detention centers located in Snohomish County from 20-40 years ago, between 1986 and 2006. Dkt. 1 at 16-19. The claim of Plaintiff A.S., presented to the County in July 2024, was the first of what has now become a deluge of 45 damage claim forms received by the County for alleged historical sexual assaults ranging from 1973 to 2016. Declaration of Geoffrey Enns in Support of Defendant Snohomish County's Motion to Amend Scheduling Order and Answer and to Stay Discovery ("Enns Decl.") ¶ 2. The claims generally allege some form of negligence in the hiring, training, and supervision of juvenile detention personnel at those facilities[1] that resulted in the abuse of detained youth. *Id.* ¶ 3.

Plaintiffs filed their lawsuit – the first of these types of historical juvenile detention sexual assault lawsuits faced by the County – in November 2025, naming Snohomish County and multiple John Does as defendants, but not the State. *See* Dkt. 1. At the time, the County had only received a total of 15 such claims, including the eight brought as part of this lawsuit.

[1] The juvenile detention facility in Snohomish County from the 1960s to the late 1990s was known as Denney Youth Center, until it was replaced by a new facility at the same site, known as the Denney Juvenile Justice Center. Enns Decl. ¶ 3.



**Snohomish County**
**Prosecuting Attorney – Civil Division**
**Robert Drewel Bldg., 8th Floor, M/S 504**
3000 Rockefeller Ave
Everett, Washington 98201-4060
(425)388-6330 Fax: (425)388-6333

Enns Decl. ¶ 4. The County answered the complaint on December 10, 2025, noting that, "[p]ending discovery, Plaintiffs' claimed injuries and damages may have been caused by the acts or failures to act of third persons or entities over whom Defendant had no control or right of control[.]". *See* Dkt. 10. The Court issued its scheduling order on January 6, 2026, with a deadline to amend pleadings of less than a month later. *See* Dkt. 12.

The parties' oversight in omitting the State from their pleadings at the very beginning of this litigation is understandable, as the statutory scheme in Washington for juvenile detention prescribes counties as the entities responsible for the construction and maintenance of the physical facilities. RCW 13.04.135. But the functions of juvenile probation and detention are overseen and administered by each superior court, executed through the court's oversight of the juvenile court and the court's appointment of a juvenile court administrator. RCW 13.04.035. The juvenile court administrator, in turn, oversees the hiring and supervision of juvenile probation counselors and detention officers, the very personnel at issue in this and other cases. RCW 13.04.040.

During the course of discovery, and as brought into sharper focus recently with the service of a Fed. R. Civ. P. 30(b)(6) notice upon the County by Plaintiffs, the County ultimately concluded that the State of Washington is the proper defendant because of the nature of the claims being brought, and that the State's attorneys are the proper persons to represent the State's interests in this case because of the superior court's supervision of juvenile detention operations.[2] Enns Decl. ¶ 5. Upon that realization, the County recently filed

[2] The County has additional, substantive objections to the topics listed in the current Rule 30(b)(6) notice, which the parties are attempting to resolve after conferring. The County reserves the right to file a separate motion for protection should the parties be unable to reach agreement on the scope of the notice.



**Snohomish County**
**Prosecuting Attorney – Civil Division**
**Robert Drewel Bldg., 8th Floor, M/S 504**
3000 Rockefeller Ave
Everett, Washington 98201-4060
(425)388-6330 Fax: (425)388-6333

a declaratory judgment action against the State in Thurston County Superior Court so that the state courts can rule on this unresolved issue of state law. *Id.* ¶ 6, Ex. A. The County also sought Plaintiffs' consent to amend its answer to reflect the State as the appropriate defendant, which was denied. *Id.* ¶ 7.

Although the parties have exchanged substantial written and documentary discovery and Fed. R. Civ. P. 35 examinations of Plaintiffs are taking place, no depositions have yet occurred. *Id.* ¶ 8. The discovery cutoff is December 15, 2026. *See* Dkt. 17. Trial is set for April 7, 2027. *Id.*

## STATEMENT OF ISSUES

1. Is there good cause to amend the case scheduling order when there is no prejudice to the Plaintiffs but the County would face substantial burdens to defend an entity for which it may not be legally liable? Yes.
2. Should the Court allow Defendant to file an amended answer when there is no prejudice to the Plaintiffs because the bulk of discovery has not yet occurred and the change of defendants would not change the scope of witnesses? Yes.
3. In the interests of obtaining an expeditious determination of a significant and controlling question of Washington State law, should the Court stay the case and send certified questions to the Supreme Court of Washington? Yes.

## EVIDENCE RELIED UPON

Snohomish County relies on this motion, the Declaration of Geoffrey Enns in Support of Defendant Snohomish County's Motion to Amend Scheduling Order and Answer and to Stay Discovery, with attached exhibits, and the pleadings and papers on file in this matter.



**Snohomish County**
**Prosecuting Attorney – Civil Division**
**Robert Drewel Bldg., 8th Floor, M/S 504**
3000 Rockefeller Ave
Everett, Washington 98201-4060
(425)388-6330 Fax: (425)388-6333

## AUTHORITY

### A. Good cause exists to amend the scheduling order.

A court may modify a prior scheduling order "for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4), LCR 16(b)(6). "[D]istrict courts have [the] inherent power to control their dockets." *Atchison, Topeka & Santa Fe Ry. Co. v. Hercules Inc.*, 146 F.3d 1071, 1074 (9th Cir. 1998) (internal quotation marks omitted). " 'All federal courts are vested with inherent powers enabling them to manage their cases and courtrooms effectively and to ensure obedience to their orders.' " *Aloe Vera of Am., Inc. v. United States*, 376 F.3d 960, 964–65 (9th Cir. 2004) (quoting *F.J. Hanshaw Enters., Inc. v. Emerald River Dev., Inc.*, 244 F.3d 1128, 1136 (9th Cir. 2001)).

The Ninth Circuit has established four factors for consideration of a motion to modify a scheduling order: (1) the degree of prejudice to the moving party without modification; (2) the degree of prejudice to the nonmoving party from a modification; (3) the impact of a modification at that stage of litigation on the orderly and efficient conduct of the case; and (4) the degree of willfulness, bad faith, or inexcusable neglect on the party of the moving party, if any. *United States v. First Nat'l Bank of Circle*, 652 F.2d 882, 887 (9th Cir. 1981). "When refusal to allow modification might result in injustice, while allowing the modification would cause no substantial injury to the opponent and no more than slight inconvenience to the court, modification should be allowed." *Id*. "[T]he focus of the inquiry is upon the moving party's reasons for seeking modification." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).



**Snohomish County**
**Prosecuting Attorney – Civil Division**
**Robert Drewel Bldg., 8th Floor, M/S 504**
3000 Rockefeller Ave
Everett, Washington 98201-4060
(425)388-6330 Fax: (425)388-6333

Good cause exists to modify the scheduling order to allow the County to amend its answer, where the legal analysis in this first-of-its-kind litigation against the County has surfaced significant issues of state law that will dramatically impact not only this case but all subsequent similar cases against every county in the state. These issues came to the fore well after the brief, four-week period between the Court's issuance of the scheduling order and the deadline to amend the pleadings. The four factors favor allowing the modification.

First, absent amendment, the County will be left to defend and potentially indemnify State agents for actions performed on behalf of the State and under the supervision of State agents. Second, although Plaintiffs admittedly have an interest in timely prosecuting their claims, there is little practical prejudice they would face where they are litigating claims that they waited no less than twenty (and up to forty) years after the alleged events to initiate. On the other hand, modification to allow amendment would have a practical benefit to Plaintiffs, who seek to recover damages from the entity legally responsible for their harms. Third, a modification to bring in the State would produce some disruption to the progression of the case, but, when combined with the stay requested below, would not represent a complete restart of the proceedings in light of the current status of discovery where depositions have not yet started and more than four months of discovery remain.

Finally, the timing of this issue is not due to willfulness, bad faith, or inexcusable neglect. As mentioned above, this historical juvenile detention sexual abuse lawsuit represents the first of its kind against the County that prompted the County to work through the analysis of the party actually responsible for alleged sexual abuse against detainees in the context of juvenile detention, where the facility sits as an unusual hybrid – the County is



**Snohomish County**
**Prosecuting Attorney – Civil Division**
**Robert Drewel Bldg., 8th Floor, M/S 504**
3000 Rockefeller Ave
Everett, Washington 98201-4060
(425)388-6330 Fax: (425)388-6333

responsible for providing the physical facility and paying wages, but the Superior Court is charged with the control and oversight of the staff and operations at the site. As soon as the County reached its conclusion and recognized the significance of it, the County filed a declaratory judgment action to get the state law question answered and now moves this Court for relief pending that answer.

**B. There is no prejudice to Plaintiffs in allowing the County to amend its answer to identify the State as the proper defendant.**

After a showing of good cause under Fed. R. Civ. P. 16, the Court must consider whether the amendment is proper under Fed. R. Civ. P. 15(a).[3] *Johnson*, 975 F.2d at 608. The Ninth Circuit has identified "four factors relevant to whether a motion for leave to amend pleadings should be denied: undue delay, bad faith or dilatory motive, futility of amendment, and prejudice to the opposing party." *U.S. v. Webb*, 655 F.2d 977, 980 (9th Cir. 1981) (citing *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962)). The Ninth Circuit additionally noted that "delay alone no matter how lengthy is an insufficient ground for denial of leave to amend." *Id.* Prejudice is the central focus of the analysis. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) ("Not all of the factors merit equal weight. As this circuit and others have held, it is the consideration of prejudice to the opposing party that carries the greatest weight."). "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Id.* (emphasis in original).

[3] A copy of the proposed amended answer with marked changes is attached to the declaration accompanying this motion. *See* Enns Decl. Ex. B.



**Snohomish County**
**Prosecuting Attorney – Civil Division**
**Robert Drewel Bldg., 8th Floor, M/S 504**
3000 Rockefeller Ave
Everett, Washington 98201-4060
(425)388-6330 Fax: (425)388-6333

As discussed above, there is no practical prejudice to Plaintiffs by bringing the State into this case as the proper defendant. Written discovery responses and documents from the detention facility have been produced, which would be the same documents produced even if the State were the named defendant. No depositions have occurred yet, so there is no work that Plaintiffs would need to repeat with different witnesses. Different witness depositions would be unlikely anyway, since the personnel operating and supervising the detention facility remain the same regardless of whether they are acting on behalf of the County, as Plaintiffs allege, or as agents of the State through the Superior Court, as the County maintains. To the extent there is concern that proceeding with discovery may ultimately be wasteful if these state law issues are eventually resolved in the County's favor, the County seeks a stay of these proceedings to preserve the status quo and conserve the resources of the Court and the parties until the state law questions are answered.

The remaining factors do not militate against granting leave to amend. There was no undue delay, as this motion comes less than three weeks after the filing of the declaratory judgment action to resolve the legal question that was precipitated by the County's realization of the import of the detention facility's operating structure vis-à-vis the claims of negligent oversight being brought by Plaintiffs. There is likewise no bad faith or dilatory motive – this motion is not aimed at simply delaying an inevitable prosecution of the case against the County, but to allow the resolution of significant and unanswered questions of state law that will guide courts not only for this case but the multitude of these types of cases to follow against other counties on the question of whether the counties are even proper parties at all. *See* Enns Decl. Ex. A at 8 (describing over 200 similar pending claims and multiple current



**Snohomish County**
**Prosecuting Attorney – Civil Division**
**Robert Drewel Bldg., 8th Floor, M/S 504**
3000 Rockefeller Ave
Everett, Washington 98201-4060
(425)388-6330 Fax: (425)388-6333

lawsuits against just Pierce and Snohomish counties). And for that reason, amendment would not be futile, as it would allow the County – and Plaintiffs, for that matter – to identify the entities who truly bear fault, if any, in this case.

**C. A stay of discovery is warranted to allow the Supreme Court of Washington to resolve novel and significant issues of state law through certified questions from this Court.**

The answer to the question of whether the counties or the State are the proper defendant in claims arising from alleged historical sexual abuse in juvenile detention facilities has far-reaching consequences for this case and all other similar cases. To provide for the efficient resolution of that issue, and to provide positive guidance to this Court and the courts of the State, the County seeks a stay of this proceeding to send certified questions to the state's highest court.

The Court has "the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases." *Taylor v. Amazon.com, Inc.*, 2024 WL 4133981, at *1 (W.D. Wash. Sept. 10, 2024) (quoting *Dietz v. Bouldin,* 579 U.S. 40, 47 (2016)). The Court also has "wide discretion" in controlling discovery, including staying discovery. *Id.* (citing to *Little v. City of Seattle,* 863 F.2d 681, 685 (9th Cir. 1988)). The Court has the discretion to stay discovery if the moving party shows they are entitled to a protective order under Rule 26(c) to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]" A stay of discovery pending the determination of a dispositive issue is a logical means to prevent wasting the time and effort of the parties, and to make the most efficient use of judicial resources. *See Jensen v. Capital One Financial Corp.*, 2024 WL 4554408, at *1 (W.D. Wash. Oct. 23, 2024).



**Snohomish County**
**Prosecuting Attorney – Civil Division**
**Robert Drewel Bldg., 8th Floor, M/S 504**
3000 Rockefeller Ave
Everett, Washington 98201-4060
(425)388-6330 Fax: (425)388-6333

A stay of this case, including the pending Rule 30(b)(6) deposition, would allow for the Court and the parties to preserve their resources, and avoid potentially unnecessary work, while the state law issues are determined by the courts in Washington. Although that process has already begun in the Thurston County Superior Court action, this Court is uniquely positioned to dramatically speed the ultimate resolution of the statewide issues involving supervision of, and therefore liability for, the juvenile detention facilities by the State through certified questions. *See* RCW 2.60.020; *see also Alaska Airlines, Inc. v. United Airlines, Inc.*, 902 F.2d 1400, 1402 n.1 (9th Cir. 1990) (certifying question to state supreme court *sua sponte*, where "the legal issue presented can be framed to produce a helpful response by the state, and the resolution of this legal issue will be determinative in this case.").

Certifying questions here would move this statewide legal issue directly to the court that will ultimately have to resolve it – the Supreme Court of Washington – in a way that would eliminate years of appeals working their way up through the intermediate courts. The benefits to such a shortened path to clarity here would dramatically benefit not only the State and all of its counties, but the vast number of plaintiffs with similar claims who need to know the proper entity from which to seek relief.

Defendant requests the Court certify the following questions:

1) Does the administration and supervision of juvenile court, juvenile probation, and juvenile detention services at juvenile detention facilities located in counties that have not transferred such obligations from superior court to the county, remain with the superior court?



**Snohomish County**
**Prosecuting Attorney – Civil Division**
**Robert Drewel Bldg., 8th Floor, M/S 504**
3000 Rockefeller Ave
Everett, Washington 98201-4060
(425)388-6330 Fax: (425)388-6333

2) Are the superior courts responsible for the adoption of governing policies, procedures and programming including the hiring, training, assignment, supervision, discipline, and retention of personnel at the juvenile detention facilities over which they retain administrative control?

3) Are the superior courts an arm of the State of Washington?

4) Does the Attorney General of Washington have a duty to defend and indemnify all actions of the State of Washington, its officers, agents and employees?

This Court certifying these questions to the Supreme Court of Washington will dramatically enhance the speed with which these critical state law questions can be answered by the only entity in a position to definitively do so. This avenue benefits all the parties to this litigation and those similarly situated throughout the state.

## CONCLUSION

This lawsuit has helped to reveal substantial and unanswered questions of critical importance to every county in this state, questions bearing on a multitude of current and future cases regarding the state courts' control of juvenile detention facilities. Plaintiffs have an interest in pursuing their case against the appropriate entity responsible for their alleged harms and the County has an interest in not defending and indemnifying entities over which it exercises no authority or control. Modifying the scheduling order and allowing the County to amend its answer to appropriately align the parties for the issues presented would facilitate these interests and good cause exists to do so. Given the current status of discovery and the pending declaratory judgment action, it would not prejudice the parties to stay discovery in



**Snohomish County**
**Prosecuting Attorney – Civil Division**
**Robert Drewel Bldg., 8th Floor, M/S 504**
3000 Rockefeller Ave
Everett, Washington 98201-4060
(425)388-6330 Fax: (425)388-6333

this case while the Court sends the issue directly to the state's highest court. The County respectfully requests the Court grant its motion.

RESPECTFULLY SUBMITTED this 12th day of August, 2026.

*I certify that this memorandum contains 3,130 words, in compliance with the Local Civil Rules.*

JASON J. CUMMINGS
Snohomish County Prosecuting Attorney

By: *s/ Geoffrey A. Enns*
Geoffrey A. Enns, WSBA #40682
Deborah A. Severson, WSBA #35603
Scott A. Marlow, WSBA #25987
Deputy Prosecuting Attorneys
Prosecuting Attorney's Office – Civil Division
3000 Rockefeller Avenue, M/S 504
Everett, WA 98201
Ph: (425) 388-6330 / Fax: (425) 388-6333
Geoffrey.Enns@co.snohomish.wa.us
Deborah.Severson@co.snohomish.wa.us
Scott.Marlow@co.snohomish.wa.us
*Attorneys for Defendant Snohomish County*

**DECLARATION OF SERVICE**

I declare that I am an employee of the Civil Division of the Snohomish County Prosecuting Attorney, and that I caused to be delivered foregoing **Defendant Snohomish County's Motion to Amend Scheduling Order and Answer and to Stay Discovery** on the following parties by the methods indicated:

| | |
|---|---|
| Steve W. Berman<br>Martin D. McLean<br>William R. Kincaid<br>Jacob B. Berman<br>Sydney K. Thomas<br>Hagens Berman Sobol Shapiro, LLP<br>1301 Second Avenue, Suite 2000<br>Seattle, WA 98101<br>Steve@hbsslaw.com<br>Martym@hbsslaw.com<br>WilliamK@hbsslaw.com<br>JakeB@hbsslaw.com<br>Sydney.Thomas@hbsslaw.com<br>Marissa.Summers@hbsslaw.com<br>*Attorneys for Plaintiffs* | ☒ ***E-Served via CM/ECF***<br>☐ E-Mailed<br>☐ Facsimile<br>☐ U.S. Mail<br>☐ Hand Delivery<br>☐ Messenger Service |

I certify under penalty of perjury under the laws of the state of Washington that the foregoing is true and correct.

DATED this 12th day of August, 2026.

[signature]
Cindy Ryden, Legal Assistant



**Snohomish County**
**Prosecuting Attorney – Civil Division**
**Robert Drewel Bldg., 8th Floor, M/S 504**
3000 Rockefeller Ave
Everett, Washington 98201-4060
(425)388-6330 Fax: (425)388-6333