**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| A.S, D.V., T.S., S.W., J.R., K.M., S.M., and J.C.,<br><br>Plaintiffs,<br><br>v.<br><br>SNOHOMISH COUNTY; and DOES 1-20,<br><br>Defendants. | Case No. 2:25-cv-2210-RSM<br><br>**PLAINTIFFS' RESPONSE TO DEFENDANT SNOHOMISH COUNTY'S MOTION TO AMEND SCHEDULING ORDER AND ANSWER AND TO STAY DISCOVERY**<br><br>**NOTE ON MOTION CALENDAR: September 2, 2026** |



HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE (206) 623-0594 FAX

## TABLE OF CONTENTS


Page

I. INTRODUCTION ........ 1

II. STATEMENT OF FACTS ........ 1

A. Plaintiffs Are Survivors Of Sexual Abuse Who Have Brought Federal Civil-Rights And State-Law Claims Against Snohomish County ........ 1

1. The abuse was systemic, spanning two decades, and facilitated by the County's own policies and practices. ........ 2

2. On December 10, 2025, Snohomish County answered Plaintiffs' complaint without mentioning additional defendants, including the State of Washington. ........ 2

3. The pleading-amendment deadline passed on January 6, 2026, and the parties have since engaged in substantial discovery. ........ 3

4. Snohomish and Pierce County's Temporary Restraining order to stay the State actions was denied. ........ 4

III. STATEMENT OF ISSUES ........ 4

IV. EVIDENCE RELIED UPON ........ 5

V. AUTHORITY ........ 5

A. Snohomish County Does Not Properly Analyze The Standards Applicable Here ........ 5

1. Snohomish County knew or should have known of the party responsible for running its juvenile courts when the complaint was filed. ........ 6

B. The Rule 15(a) Factors Favor Denying Amendment ........ 7

1. Prejudice: The proposed amendment would cause substantial prejudice to Plaintiffs. ........ 7

2. Undue delay: The County's delay is undue because it had knowledge of the facts underlying its motion before Plaintiffs filed their Complaint. ........ 8




HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE (206) 623-0594 FAX

3. Bad faith: Snohomish County mislead Plaintiffs and stayed silent about its intent to amend its Answer until its temporary restraining order was denied. ....... 8

4. Amendment would be futile. If anything, the parties should be co-defendants. ....... 9

C. This Court Should Deny Snohomish County's Motion To Amend its Answer And Certify Questions To The Washington State Supreme Court ....... 9

1. The County's proposed questions are not "novel and significant." ....... 10

2. Certification would cause unconscionable delay to Plaintiffs whose claims have already been delayed by decades. ....... 11

3. The County's proposed questions are not determinative because the County remains a proper defendant regardless of the answers. ....... 11

4. This Court is fully capable of resolving the state law issues presented. ....... 12

VI. CONCLUSION ....... 12



HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE (206) 623-0594 FAX

## TABLE OF AUTHORITIES

**Page(s)**

### CASES

*Carvajal v. Clark Cnty.*,
539 F. Supp. 3d 1104 (D. Nev. 2021) .......... 9

*Cayne v. Washington Tr. Bank*,
No. 2:12-CV-00584-REB, 2015 WL 8770004 (D. Idaho Dec. 13, 2015) .......... 10

*Entangled Media, LLC v. Dropbox Inc.*,
348 F.R.D. 649 (N.D. Cal. 2025) .......... 5, 6, 7

*Erie R.R. Co. v. Tompkins*,
304 U.S. 64 (1938) .......... 12

*Fidelitad, Inc. v. Insitu, Inc.*,
No. 13-CV-3128-TOR, 2016 WL 4265749 (E.D. Wash. Aug. 11, 2016) .......... 10

*Jackson v. Bank of Hawaii*,
902 F.2d 1385 (9th Cir. 1990) .......... 7

*Page v. Clark Cnty. Fire Dist. 6*,
No. 3:23-CV-05849-DGE, 2024 WL 3822636 (W.D. Wash. July 2, 2024) .......... 10

*Pennington v. State Farm Mut. Auto. Ins. Co*.,
553 F.3d 447 (6th Cir. 2009) .......... 10

*Sea Mar Cmty. Health Centers v. Accreditation Council for Graduate Med. Educ.*,
No. 2:24-CV-00896-JNW, 2025 WL 2767648 (W.D. Wash. Sept. 26, 2025) .......... 11

*TB Holding Co. LLC v. J&S Siding*,
No. 4:22-CV-00307-BLW, 2024 WL 1486144 (D. Idaho Apr. 5, 2024) .......... 7

*Wizards of the Coast LLC v. Cryptozoic Ent. LLC*,
309 F.R.D. 645 (W.D. Wash. 2015) (comparing *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 961 (9th Cir. 2006) and *In re Ezzell*, 438 B.R. 108, 117–18 (Bkrtcy. S.D. Tex. 2010)) .......... 8, 9

*Zivkovic v. S. California Edison Co.*,
302 F.3d 1080 (9th Cir. 2002) .......... 7

### STATUTES

42 U.S.C. § 1983 .......... 2

Law Act, RCW 2.60.020 .......... 9, 12

RCW 13.04.035 .......... 1, 6, 10, 12



HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE (206) 623-0594 FAX

RCW 13.04.040 ....................1, 6, 10

RCW 13.04.135 ....................1, 6, 10

### OTHER AUTHORITIES

Federal Rule of Civil Procedure 16(b)(4) ....................4, 5, 7

Rule 15 ....................7

Rule 15(a)....................1, 5, 6, 7

Rule 16(b) ....................1, 6, 8

Rule 16(b)(4)'s....................7

Rule 30(b)(6)....................1, 3, 6, 8

Rule 35 ....................1, 3



HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE (206) 623-0594 FAX

## I. INTRODUCTION

*"The true character of a society is revealed in how it treats its children."* — **Nelson Mandela.**

The Court should deny Snohomish County's motion to amend its Answer to assert that the State of Washington is the proper defendant because the County cannot demonstrate good cause under Rule 16(b). Even if it could, a weighing of the Rule 15(a) factors supports denial: (1) the Court's deadline to amend passed over eight months ago, the County knew or should have known of the statutory framework it now relies upon—RCW 13.04.035, RCW 13.04.040, and RCW 13.04.135—when it answered the Complaint in December 2025, and the parties have engaged in substantial discovery; (2) Plaintiffs will suffer unfair prejudice because the County's proposed amendment would remove the sole institutional defendant and effectively restart the litigation after Plaintiffs have exchanged discovery, retained experts, and undergone Rule 35 evaluations; (3) the County's motion is brought in bad faith, as the County stayed silent about this defense until its parallel state court action was denied and it was served with Plaintiffs' Rule 30(b)(6) notice; and (4) amendment would be futile because the County remains a proper defendant given its own judicial admission that it owes a duty of care to detainees.

The requests to stay discovery and certify questions to the Washington Supreme Court fare no better. The proposed questions are neither necessary to resolve this action nor determinative of the County's independent responsibility for the facility, its employees, and Plaintiffs' care. Certification and a stay would instead impose further delay on claims concerning abuse that allegedly occurred decades ago.

Accordingly, the Court should deny the County's motion to amend the scheduling order and Answer, deny its request to stay discovery, and deny its request for certification.

## II. STATEMENT OF FACTS

### A. Plaintiffs Are Survivors Of Sexual Abuse Who Have Brought Federal Civil-Rights And State-Law Claims Against Snohomish County

Plaintiffs A.S., D.V., T.S., S.W., J.R., K.M., S.M., and J.C. (collectively, "Plaintiffs") are survivors of sexual abuse perpetrated by Snohomish County detention staff while Plaintiffs were minors detained at the Denney Youth Center. Plaintiffs filed this action on November 6, 2025,



HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE (206) 623-0594 FAX

asserting federal civil rights claims under 42 U.S.C. § 1983 and state law claims for negligence, gross negligence, and intentional infliction of emotional distress against Defendant Snohomish County.

**1. The abuse was systemic, spanning two decades, and facilitated by the County's own policies and practices.**

Each Plaintiff was a minor at the time of the abuse, with some as young as ten years old. The abuse at Denny spanned approximately two decades, from 1986 to 2006, and was carried out by multiple Snohomish County employees across different eras of the facility's operation. The abuse was not isolated or aberrational. It was systemic, facilitated by the County's own policies, practices, and customs, including permitting unsupervised one-on-one contact between staff and detained children, allowing staff to monitor children in the showers, failing to implement adequate reporting mechanisms, and tolerating grooming behaviors.

As a result, Plaintiffs were sexually abused including, but not limited to groping, molestation, rape, sodomy, and group rape situations where multiple juvenile detention officers sexually victimized a single Plaintiff. Each Plaintiff endured profound emotional suffering as a direct result of the conduct at issue. This action represents Plaintiffs' sole avenue to obtain meaningful redress and hold the Defendants accountable.[1]

**2. On December 10, 2025, Snohomish County answered Plaintiffs' complaint without mentioning additional defendants, including the State of Washington.**

Eight months ago, Snohomish County answered Plaintiffs' Complaint, without mentioning concerns regarding the identity of a 'proper defendant' or the responsible party for Plaintiffs' damages. In fact, Snohomish County expressly admitted in its Answer that it had:

> "A duty to ensure detainees' safety and well-being and to protect them from sexual predators and sexual victimization." Dkt. 10 ¶ 4.

[1] No governing body has elected to pursue criminal action against those responsible for Plaintiffs' harm.



HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE (206) 623-0594 FAX

Moreover, Plaintiffs named Snohomish County as Defendant because the County owned, operated, and maintained Denney. Snohomish County also trained, hired and staffed the facility, including the juvenile detention officers ("JDOs") who sexually victimized Plaintiffs.

**3. The pleading-amendment deadline passed on January 6, 2026, and the parties have since engaged in substantial discovery.**

Approximately seven months ago, the Court entered a scheduling order setting a deadline to amend pleadings that expired less than one month later. That deadline passed without a motion by the County to amend its Answer or add parties. Since then, the parties have engaged in substantial discovery to meet the deadlines set by the scheduling order. Plaintiffs have also incurred significant costs.

Below is a summary of the procedural posture and status of discovery:

- On January 13, 2026, Plaintiffs served their first set of Requests for Production ("RFPs") and Interrogatories on the County.
- On January 27, 2026, the County served its first set of RFPs and Interrogatories on all nine Plaintiffs.
- On February 13, 2026, the Court entered a stipulated protective order.
- On May 28, 2026, Plaintiffs served their second set of discovery requests.
- Plaintiffs have retained several experts, including psychologists who have conducted Rule 35 psychological evaluations of all nine Plaintiffs, lasting up to six hours each.[2]
- In turn, Snohomish County's Rule 35 examinations of Plaintiffs are expected to be completed by the end of September 2026.
- On July 30, 2026, Plaintiffs served a Rule 30(b)(6) deposition notice on the County, to which the County responded with the instant motion.
- On August 26, 2026, Plaintiffs deposed Snohomish County JDO Ashley Thomas.
- On August 27, 2026, Plaintiffs deposed Snohomish County JDO Luther Weathersby.

[2] As late as August 7, 2026, this Court signed a stipulated protective order regarding the FRCP 35 examination of S.W. During this time, Snohomish County was still purporting to proceed with this litigation as the sole defendant.



HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE (206) 623-0594 FAX

**4. Snohomish and Pierce County's Temporary Restraining order to stay the State actions was denied.**

On or about July 27, 2026, Snohomish County, together with Pierce County (collectively, the "Counties"), filed a Complaint for Declaratory Judgment and Injunctive Relief, Case No. 26-2-04503-34, in Thurston County Superior Court against the State of Washington. The Counties also named the sex-abuse victims, including Plaintiffs in this action, as defendants, even though they asserted no claims against those victims.[3] That same day, Snohomish County's counsel, Geoffrey Enns, emailed copies of the Complaint and the motion for a temporary restraining order to Plaintiffs' counsel at Hagens Berman. Snohomish County had never previously disclosed that it intended to file a declaratory action or seek a stay, so the Complaint and motion came as a surprise.

The Counties sought a temporary restraining order staying all litigation in the underlying sex-abuse lawsuits pending in other courts, but they had not sought stays directly from those courts or informed those courts of the Thurston County action and motion.

On August 7, 2026, Thurston County Superior Court Judge John Skinder denied the Counties' motion for a temporary restraining order.[4]

Having failed to obtain a temporary restraining order in state court, Snohomish County now turns to this Court seeking the same relief through its motion to amend, certify questions, and stay discovery.

## III. STATEMENT OF ISSUES

1. Whether Snohomish County's motion to amend its answer should be denied for failure to demonstrate good cause under Federal Rule of Civil Procedure 16(b)(4), where the County knew or should have known of the statutory framework governing juvenile detention operations at the time it filed its answer in December 2025 and failed to seek amendment before the Court's pleading amendment deadline expired.

---

[3] Instead of litigating the case Snohomish County has sought to further victimize Plaintiffs and avoid responsibility.

[4] Declaration of Jacob B. Berman ISO Plaintiff's Response to Defendant Snohomish County's Motion to Amend Scheduling Order and Answer and to Stay Discovery, Ex. 1.



HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE (206) 623-0594 FAX

2. Whether, even if good cause exists, the proposed amendment should be denied under Federal Rule of Civil Procedure 15(a) because it would cause undue prejudice to Plaintiffs, constitutes bad faith, and is futile given the County's own admissions that it owes a duty of care to detainees and its direct involvement in constructing, maintaining, and staffing the Denney Youth Center.

3. Whether the Court should deny the County's request to certify questions of law to the Washington Supreme Court, where the applicable statutes have been in place for decades, the County's theory is contradicted by its own judicial admissions, and certification would further delay Plaintiffs' claims that have already been delayed by decades.

## IV. EVIDENCE RELIED UPON

The declaration of Jacob P. Berman and the pleadings and submissions in the Court file.

## V. AUTHORITY

### A. Snohomish County Does Not Properly Analyze The Standards Applicable Here

Snohomish County's motion fails to demonstrate the diligence required for good cause to amend its Answer under Federal Rule of Civil Procedure 16(b)(4). Snohomish County's motion does not include a good case analysis under 16(b)(4).

It is well established that "[w]hen a party seeks to amend a pleading after the pretrial scheduling order's deadline for amending the pleadings has passed, the liberal standard of [FRCP] 15 no longer applies." *Entangled Media, LLC v. Dropbox Inc.*, 348 F.R.D. 649, 653 (N.D. Cal. 2025) (quoting *MGI Digital Tech. S.A. v. Duplo U.S.A. Corp.*, 2023 WL 9019024, at *1 (C.D. Cal. Oct. 17, 2023) (citing *Academy of Country Music v. ACM Records, Inc.*, No. 13-CV-02448-DPP, 2014 WL 2586859, at *2 (C.D. Cal. June 10, 2014) and *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607–08 (9th Cir. 1992))).

> A court's evaluation of good cause [under Rule 16(b)] is not coextensive with an inquiry into the propriety of the amendment under … Rule 15. Unlike Rule 15(a)'s liberal amendment policy[,] which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment.



HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE (206) 623-0594 FAX

*Id.* at 654 (citing *Johnson*, 975 F.2d at 609 (quoting *Forstmann v. Culp*, 114 F.R.D. 83, 85 (M.D.N.C. 1987))) (alterations in the original). "If that party was not diligent, the inquiry should end," and the motion should be denied. *Id*.

"To amend a pleading after the scheduling order deadline, [] the moving party must both demonstrate good cause to modify the scheduling order under Rule 16(b), and show that amendment is warranted under Rule 15(a)." *Id.* (citing *Johnson*, 975 F.2d at 608).

**1. Snohomish County knew or should have known of the party responsible for running its juvenile courts when the complaint was filed.**

Snohomish County argues it sought to amend when it became aware of the State of Washington as a defendant upon being served with Plaintiffs' Fed. R. Civ. P. 30(b)(6) deposition notice. Dkt. No. 22 at 3.

But this view of diligence is incomplete. The statutory provisions the County now relies upon—RCW 13.04.035, RCW 13.04.040, and RCW 13.04.135—have been on the books for decades. Further, the County's Prosecuting Attorney's office, which has long been responsible for representing the County, was aware of the structure of juvenile detention operations in Snohomish County from the inception of this case, if not long before. The County filed its answer in December 2025. The scheduling order was issued on January 6, 2026, with a deadline to amend pleadings less than one month later. The County did not seek to amend at that time, nor did it raise the issue of the State's alleged responsibility in its answer. To the contrary, the County affirmatively admitted in paragraph 4 of its answer that it "has a duty to ensure detainees' safety and well-being and to protect them from sexual predators and sexual victimization." Dkt. 10 ¶ 4. That admission forecloses any suggestion that the County lacked sufficient information to assess its own role in the alleged harm. Indeed, a party that has already conceded its own duty of care to the very plaintiffs before the Court cannot credibly claim it lacked the information needed to evaluate whether it was the proper defendant.

That principle is consistent with controlling Ninth Circuit authority requiring diligence in seeking amendment once the relevant facts are available. The Ninth Circuit has squarely held that a party's failure to act on information available before the amendment deadline defeats a showing



HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE (206) 623-0594 FAX

of good cause. In *Kamal v. Eden Creamery, LLC*, the court affirmed the denial of a motion to add a new defendant where the moving party waited eight months after being on notice of the facts underlying the proposed amendment. 88 F.4th 1268, 1277-79 (9th Cir. 2023). Moreover, in *Corcoran v. Gervais,* this Court concluded that a plaintiff's lack of understanding of his case until testimony developed during a deposition did not amount to good cause under Rule 16(b)(4). 651 F. Supp. 3d 1250, 1257 (W.D. Wash. 2023).

**B. The Rule 15(a) Factors Favor Denying Amendment**

Even if the County could satisfy Rule 16(b)(4)'s good cause standard, the amendment should be denied under Rule 15(a). "[T]he Supreme Court [has] identified four factors relevant to whether a motion for leave to amend pleadings should be denied: undue delay, bad faith or dilatory motive, futility of amendment, and prejudice to the opposing party." *Entangled Media, LLC*, 348 F.R.D. 649, 655 (N.D. Cal. 2025) (citing *United States v. Webb*, 655 F.2d 977, 980 (9th Cir. 1981)). "Courts rarely deny a motion for leave to amend for reason of futility." *Id.* at 656 (quoting *Fujifilm Corp. v. Motorola Mobility LLC*, 2014 WL 2730724, at *5 (N.D. Cal. June 16, 2014)).

The other Rule 15 factors of prejudice, undue delay, and bad faith strongly favor Plaintiffs.

**1. Prejudice: The proposed amendment would cause substantial prejudice to Plaintiffs.**

"The Ninth Circuit considers prejudice to the opposing party as the most important factor in the Rule 15 analysis." *Id.* (quoting *Ecojet, Inc. v. Luraco, Inc.*, 2017 WL 6939158, at *3 (C.D. Cal. Mar. 22, 2017) (citing *Irise v. Axure Software Solutions, Inc.*, 2009 WL 3615973 at *7 (C.D. Cal. Jul. 30, 2009))). "The failure to raise a defense is prejudicial if the party against whom the issue is raised may have tried its case differently or advanced distinct legal arguments against the issue." *TB Holding Co. LLC v. J&S Siding*, No. 4:22-CV-00307-BLW, 2024 WL 1486144, at *4 (D. Idaho Apr. 5, 2024) (quoting *Heejoon Chung v. U.S. Bank, N.A.*, 250 F. Supp. 3d 658, 675 (D. Haw. 2017)). Courts have found prejudice when a defense is belatedly raised, and the parties have already taken the depositions of multiple witnesses. *See Zivkovic v. S. California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) ("The requirement of additional discovery would have prejudiced Edison and delayed the proceedings."); *see also Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1388 (9th Cir. 1990)



HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE (206) 623-0594 FAX

("Putting the defendants 'through the time and expense of continued litigation on a new theory, with the possibility of additional discovery, would be manifestly unfair and unduly prejudicial.'") (quoting *Troxel Mfg. Co. v. Schwinn Bicycle Co.*, 489 F.2d 968, 971 (6th Cir.1973)).

The County's proposed amendment would not merely tweak a pleading, it would fundamentally restructure this litigation by removing the only named institutional defendant and replacing it with an entirely new party, the State of Washington. This would cause severe prejudice to Plaintiffs.

**2. Undue delay: The County's delay is undue because it had knowledge of the facts underlying its motion before Plaintiffs filed their Complaint.**

Plaintiffs do not fault Snohomish County for "delay alone." *See* Motion at 6-7. Snohomish has exhibited undue delay for the same reasons it was not reasonably diligent for the purposes of Rule 16(b).

As discussed above in Section III.A.4., Snohomish County knew or should have known of its arguments with respect to the State of Washington before it Answered Plaintiffs' Complaint. That Snohomish County chose not to raise this in its original Answer, or simply neglected to do so, does not excuse its delay.

**3. Bad faith: Snohomish County mislead Plaintiffs and stayed silent about its intent to amend its Answer until its temporary restraining order was denied.**

Snohomish County acted in bad faith by belatedly seeking to amend its Answer. Snohomish County misleadingly characterized the facts and law and stayed silent about its intent to amend its Answer until its temporary restraining order was denied in Thurston County and it was served with Plaintiffs' Rule 30(b)(6) notice.

"In the context of a motion for leave to amend, 'bad faith' means acting with intent to deceive, harass, mislead, delay, or disrupt." *Wizards of the Coast LLC v. Cryptozoic Ent. LLC*, 309 F.R.D. 645, 651 (W.D. Wash. 2015) (comparing *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 961 (9th Cir. 2006) and *In re Ezzell*, 438 B.R. 108, 117–18 (Bkrtcy. S.D. Tex. 2010)). "As it has been defined in other contexts, 'bad faith' means more than acting with bad judgment or negligence, but 'rather it implies the conscious doing of a wrong because of dishonest purpose or moral



HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE (206) 623-0594 FAX

obliquity … . [I]t contemplates a state of mind affirmatively operating with furtive design or ill will.'" *Id.* (citing *United States v. Manchester Farming P'ship*, 315 F.3d 1176, 1185 (9th Cir. 2003)) (alterations in original).

The County's litigation conduct reveals that its request for certification is not driven by a genuine need for legal clarity but by a tactical desire to delay. The County filed a declaratory judgment action in Thurston County Superior Court seeking the same relief it now asks this Court to certify. The County's temporary restraining order in that action was denied. Having failed in state court, the County now turns to this Court and requests certification, effectively asking this Court to assist the County in its effort to escape liability by any procedural means available. This duplicative litigation strategy—filing in state court, seeking emergency relief, being denied, and then seeking the same result in federal court through certification—constitutes precisely the type of "gamesmanship" courts have found to evidence bad faith. *See Carvajal v. Clark Cnty.*, 539 F. Supp. 3d 1104, 1120 (D. Nev. 2021). It also suggests that the County's true purpose is not to obtain clarity but to halt this litigation for as long as possible.

**4. Amendment would be futile. If anything, the parties should be co-defendants.**

The County's theory that the Superior Court's supervision of juvenile detention operations makes the State the responsible party is an untested legal theory, not an established fact. Indeed, it is directly contradicted by the County's own admission in its answer that it "has a duty to ensure detainees' safety and well-being and to protect them from sexual predators and sexual victimization." Dkt. 10 ¶ 4. The County cannot simultaneously admit it owes a duty of care to detainees and argue that it bears no responsibility for the facilities where those detainees were harmed. Amending the answer to assert a contested legal conclusion that contradicts the County's own judicial admission is futile.

**C. This Court Should Deny Snohomish County's Motion To Amend its Answer And Certify Questions To The Washington State Supreme Court**

Certification of questions to a state supreme court is a discretionary act, not a matter of right. Under Washington's Uniform Certification of Questions of Law Act, RCW 2.60.020, a federal court may certify a question to the Washington Supreme Court only when the question



HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE (206) 623-0594 FAX

(1) is determinative of the cause, and (2) there is no controlling precedent in the decisions of that state's courts. *Fidelitad, Inc. v. Insitu, Inc.*, No. 13-CV-3128-TOR, 2016 WL 4265749, *4-5 (E.D. Wash. Aug. 11, 2016). The decision whether to certify "rests in the sound discretion of the federal court." *Id.* at *4 (quoting *Lehman Bros. v. Schein*, 416 U.S. 386, 391 (1974)). "Mere difficulty in ascertaining and applying the law is not a sufficient reason to certify a question to a state supreme court." *Cayne v. Washington Tr. Bank*, No. 2:12-CV-00584-REB, 2015 WL 8770004, *9 (D. Idaho Dec. 13, 2015).

Courts have cautioned that certification is inappropriate where the question, though unsettled, can be resolved by applying general principles of state law. *Pennington v. State Farm Mut. Auto. Ins. Co*., 553 F.3d 447, 450 (6th Cir. 2009); *see also Page v. Clark Cnty. Fire Dist. 6*, No. 3:23-CV-05849-DGE, 2024 WL 3822636, *1 (W.D. Wash. July 2, 2024). Additionally, certification should not be employed to delay proceedings or when the certified questions are premised on flawed factual or legal assumptions. *See Page*, 2024 WL 3822636, *2.

**1. The County's proposed questions are not "novel and significant."**

A question is not "novel" merely because a party belatedly discovers a legal theory it could have raised earlier. The County characterizes its proposed certified questions as presenting "novel and significant issues of state law." But there is nothing novel about the statutes on which the County relies. RCW 13.04.035, RCW 13.04.040, and RCW 13.04.135 have been in effect for decades. Indeed, they were in effect throughout the entire period of abuse alleged in this case (1986–2006). If the County truly believed these statutes absolved it of liability, it could have raised this defense in its Answer filed December 10, 2025, or at any point before the amendment deadline passed.

In addition, the Ninth Circuit has refused to certify questions where the issue, though perhaps not squarely decided, could be resolved through existing statutory language and general legal principles. *See Riordan*, 589 F.3d at 1009. The County does not identify any ambiguity in the statutory text that requires the Washington Supreme Court's intervention. Instead, it asks this Court to certify questions premised on its own untested legal theory—a theory that the County itself contradicted through its judicial admissions.



HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE (206) 623-0594 FAX

**2. Certification would cause unconscionable delay to Plaintiffs whose claims have already been delayed by decades.**

Certification would impose extraordinary delay. Plaintiffs were sexually abused as children. Plaintiffs have only realized their harm after struggling with the repercussions for decades and should not be delayed any further in seeking reparations. The County now asks this Court to halt proceedings and await guidance from the Washington Supreme Court, a process that could add years of additional delay.

The Washington Supreme Court's own processes illustrate the scope of this delay. Once a question is certified, the court must determine whether to accept the certification. If accepted, the case must be briefed and argued before the Washington Supreme Court. The entire process routinely takes twelve to twenty-four months or more. During that time, Plaintiffs would be left with no recourse and no progress forward on claims that have already been delayed unconscionably.

Courts have repeatedly declined to certify questions where the resulting delay would prejudice the opposing party. *See Sea Mar Cmty. Health Centers v. Accreditation Council for Graduate Med. Educ.*, No. 2:24-CV-00896-JNW, 2025 WL 2767648, *6 (W.D. Wash. Sept. 26, 2025) (denying certification where it would "significantly delay these proceedings"). Here, the prejudice to Plaintiffs from further delay is severe and self-evident. These are individuals who suffered profound trauma as children and who are entitled to timely access to justice.

**3. The County's proposed questions are not determinative because the County remains a proper defendant regardless of the answers.**

Even if the Washington Supreme Court answered each of the County's proposed questions in the County's favor, that resolution would not dispose of this case. The County constructed, maintained, and funded the Denney Youth Center. The County hired and paid the wages of the very guards who perpetrated the abuse. The County admitted in its own Answer that it "has a duty to ensure detainees' safety and well-being and to protect them from sexual predators and sexual victimization." Dkt. 10 ¶ 4.

It follows that a finding that the superior courts exercise oversight over juvenile detention operations would not eliminate the County's independent liability for its own negligent acts,



HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE (206) 623-0594 FAX

including its failure to implement adequate safeguards, its tolerance of grooming behaviors, and its systemic failure to protect detained children. At most, such a finding might add the State as an additional liable party; it would not exonerate the County. Because the certified questions would not be "determinative of the cause" as required by RCW 2.60.020, certification is unwarranted.

**4. This Court is fully capable of resolving the state law issues presented.**

Federal courts sitting in diversity or exercising supplemental jurisdiction over state law claims routinely resolve lawsuits involving questions of state law without certification. *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938). The County has identified no genuine ambiguity in Washington law that this Court cannot resolve through application of existing statutes, legislative history, and general principles of government liability. The County's statutory framework argument—that RCW 13.04.035 places operational control with the superior courts—is a straightforward question of statutory interpretation that this Court is fully equipped to decide, and one the County itself apparently decided in Plaintiffs' favor when it answered the Complaint and admitted its own duty of care.

Certification should be reserved for genuinely uncertain and outcome-determinative questions of state law. Here, the questions are neither genuinely uncertain nor determinative. The County's request for certification should be denied.

## VI. CONCLUSION

Based on the foregoing reasons, Plaintiffs request this Court to deny Snohomish County's motion in its entirety.



HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE (206) 623-0594 FAX

DATED this 27th day of August, 2026.

Respectfully submitted,

HAGENS BERMAN SOBOL SHAPIRO LLP

By: */s/ Steve W. Berman*
Steve W. Berman, WSBA No. 12536
*/s/ Martin D. McLean*
Martin D. McLean, WSBA No. 33269
*/s/ William R. Kincaid*
William R. Kincaid, WSBA No. 54027
*/s/ Jacob P. Berman*
Jacob P. Berman, WSBA No. 61063
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
Email: steve@hbsslaw.com
martym@hbsslaw.com
williamk@hbsslaw.com
jakeb@hbsslaw.com

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 27, 2026, a true and correct copy of the foregoing was filed electronically by CM/ECF, which caused notice to be sent to all counsel of record.

/s/ *Jacob P. Berman*
Jacob P. Berman



HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE (206) 623-0594 FAX